2002 ND 14

**STATE of North Dakota, Plaintiff and Appellant**

v.

**Stephen Andrew PERREAULT, Defendant and Appellee.**

No. 20010180.

Supreme Court of North Dakota.

Jan. 18, 2002.

Mark R. Boening, Assistant State's Attorney, Cass County Courthouse, Fargo, for plaintiff and appellant.

Dennis D. Fisher, Stefanson, Plambeck, Foss & Fisher, Moorhead, MN, for defendant and appellee.

MARING, Justice.

[¶ 1] The State appeals from a memorandum and order dated June 21, 2001, which dismissed an information charging Stephen Perreault with theft. We reverse and remand for further proceedings.

I

[¶ 2] Stephen Perreault, Michael Howard, and Roger Nelson were principals in a business known as Great Marketing Ideas, LLC ("Great Marketing"). Howard and Nelson were the primary investors in the company, while Perreault was responsible for the daily operation of Great Marketing. To further their business ventures, Great Marketing obtained a $400,000 line of credit from Union State Bank of Fargo, North Dakota.

[¶ 3] In September of 2000, Howard and Nelson suspected Perreault of writing checks against the line of credit for personal debts he incurred prior to his going into business with Howard and Nelson. After Howard and Nelson discovered the draws made by Perreault, Perreault began negotiating to buy out Howard's and Nelson's shares of Great Marketing. The parties discussed a tentative purchase price, but no agreement was ever reached. Howard then contacted Detective Tammy Lynck of the Fargo Police Department and told her he suspected Perreault of embezzlement. Detective Lynck investigated the matter and obtained a search warrant. Subsequent to the search of his apartment, Perreault was arrested and charged with theft.

[¶ 4] After his arrest, Perreault filed a motion for return of property. In an affidavit in support of his motion, Perreault did not dispute that he wrote checks for personal debts on Great Marketing's line of credit, rather, he contended he was authorized to write these checks as a draw against his share of the future profits of Great Marketing. A hearing on the motion was held on November 8, 2000, but was continued to November 22, 2000. The trial court characterized the November 22 hearing as an "Omnibus Hearing" where it intended to address a number of issues. The first issue the trial court intended to address was the motion for return of property. Second, the court intended to address the validity of the search warrant under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). The final purpose of the hearing was to serve as a preliminary hearing to determine whether probable cause existed to believe Perreault committed the crime charged. The hearing was continued until December 8, 2000. At the close of the hearing, the trial court called for post-trial briefs addressing the good-faith exception to the warrant requirement under *U.S. v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), probable cause issues, and civil dispute doctrine issues.

[¶ 5] On June 21, 2001, the trial court issued a memorandum and order dismissing the charges against Perreault. In its memorandum, the trial court found Detective Lynck's investigation "lacking in some basic ways." As a result, the court found the magistrate who issued the search warrant "was kept in the dark as to the actual nature of the dispute between the parties."

Thus, the court concluded there were substantial questions regarding the validity of the search warrant. However, the trial court did not resolve the search warrant issues, nor did it determine whether probable cause existed to believe Perreault committed the crime charged. Rather, the trial court dismissed the information charging Perreault with theft because it concluded the charges were an attempt by Howard and Nelson to enforce a civil claim against Perreault in a criminal prosecution. The State filed its appeal from the order dismissing the information on July 17, 2001.

## II

[¶ 6] In reviewing an appeal from a dismissal of an information at a preliminary hearing, we will not reverse a trial court's findings of fact if "after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the findings and if the trial court's decision is not contrary to the manifest weight of the evidence." *State v. Berger,* 2001 ND 44, ¶ 11, 623 N.W.2d 25. We apply this deferential standard of review because the trial court has the best opportunity to observe and assess credibility of witnesses. *Id.* However, questions of law decided at a preliminary hearing are fully reviewable. *State v. Glaesman,* 545 N.W.2d 178, 181 (N.D.1996).

## III

[¶ 7] Rule 12(b), N.D.R.Crim.P., provides in part, "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion."

[T]he purpose of a motion to dismiss is to test the sufficiency of the information or indictment. It is not a device for summary trial of the evidence, and facts not appearing on the face of the information cannot be considered. The court is obliged to confine itself to the face of the information. Further, for purposes of the motion, all well-pleaded facts are taken to be true.

*State v. Howe,* 247 N.W.2d 647, 652 (N.D. 1976) (citation omitted). The trial court dismissed the information in this case based on what it termed the "Civil Dispute Doctrine" of *State v. Brakke,* 474 N.W.2d 878 (N.D.1991).

[¶ 8] In *Brakke,* Ronald Brakke was convicted of theft for harvesting crops on property owned by a bank. *Id.* at 880. Brakke had planted the crops on the property in the spring of 1989. *Id.* at 879. It was after the crops were planted, that half of the property was awarded to the bank through a partition judgment. *Id.* The other half of the property was awarded to Alice Brakke, Ronald's mother. *Id.* The judgment, however, was silent regarding disposition of the crops. *Id.* Thus, a primary issue in *Brakke* was "whether a cotenant who plants crops on land which is subsequently lost through partition also loses entitlement to the growing crops." *Id.* at 880. At the time *Brakke* was tried, the issue was one of first impression in North Dakota and had rarely been addressed in other jurisdictions. *Id.* We concluded a "legitimate dispute" existed over ownership of the crop. *Id.* at 882. Because Brakke's conviction for theft turned on the resolution of this unique property law issue, we concluded "[a] criminal theft trial is not the proper vehicle for resolving property law questions of this nature." *Id.*

[¶ 9] As authority for our decision in *Brakke,* we cited *State v. Meyer,* 361 N.W.2d 221 (N.D.1985). In *Meyer,* Gary Meyer was charged with obstructing a public road in violation of N.D.C.C. § 24–12–02. *Meyer,* at 222. There was no dispute that Meyer obstructed the road. *Id.*

Rather, the only dispute was whether the road had become public by virtue of prescription as set forth in N.D.C.C. § 24–07–01. *Id.* We concluded, where there was a legitimate dispute as to whether a road had become a public road by prescription, the proper procedure is to bring a civil action to have the road declared public, rather than try the issue in the context of a criminal action charging Meyer with obstruction of a public road. *Id.* at 223. We based this conclusion on the longstanding practice in North Dakota of settling disputes involving prescription of roads through civil litigation. *See id.* (citing *Mohr v. Tescher*, 313 N.W.2d 737 (N.D. 1981); *Backhaus v. Renschler*, 304 N.W.2d 87 (N.D.1981); *Keidel v. Rask*, 290 N.W.2d 255 (N.D.1980); *Berger v. Berger*, 88 N.W.2d 98 (N.D.1958); *Berger v. Morton County*, 57 N.D. 305, 221 N.W. 270 (1928)). We reversed the conviction, concluding Meyer could not be convicted of the crime of obstructing a public road when the road wasn't declared public until the day of conviction. *See Meyer*, at 222–23.

[¶ 10] Unlike *Brakke* and *Meyer*, this case does not present unique property law questions, *see Brakke*, 474 N.W.2d at 880 (ownership of growing crops on partitioned land), nor does it involve an issue traditionally settled in civil forums, *see Meyer*, 361 N.W.2d at 223 (prescription of a road). In this case, it is undisputed that Perreault wrote checks on a line of credit belonging to Great Marketing, LLC, for his personal debts. Furthermore, at oral argument before this Court, Perreault conceded he submitted phony invoices to Union State Bank in order obtain the release of these funds from this line of credit.

[¶ 11] Perreault's contention that he had authority to write checks on the line of credit as a draw on future profits does no more than raise a factual question encompassed in the general issue of whether Perreault is guilty of theft by deception. *See* N.D.C.C. § 12.1–23–02(2) (defining theft as knowingly obtaining the property of another by deception or by threat with an intent to deprive the owner thereof); *see also State v. Heintze*, 482 N.W.2d 590, 592 (N.D.1992) (finding sufficient evidence to find defendant guilty of theft despite defendant's contention he was authorized to transfer property). A trial court does not have authority "to grant a pretrial motion to dismiss based on a defense 'which raises factual questions embraced in the general issue.'" *See State v. Kolobakken*, 347 N.W.2d 569, 570 (N.D. 1984) (quoting *United States v. Brown*, 481 F.2d 1035, 1041 (8th Cir.1973)). By concluding the dispute over Perreault's authority to write checks for personal matters on the line of credit was a matter for civil rather than criminal proceedings, the trial court essentially determined there was insufficient evidence to find that Perreault's actions were unauthorized. *See State v. Trosen*, 547 N.W.2d 735, 738 (N.D. 1996) (stating that the argument that a matter is civil rather than criminal is closely related to the argument that there is insufficient evidence to support the jury's verdict). Insufficiency of evidence is not a proper basis for a pretrial dismissal of an information. *See State v. O'Boyle*, 356 N.W.2d 122, 124–25 (N.D.1984). A motion to dismiss tests the sufficiency of the information, but does not serve as a device for summary trial of the evidence. *See Howe*, 247 N.W.2d at 652. Facts that do not appear on the face of the information cannot be considered. *See id.* The jury, as the trier of fact, is entitled to decide whether Perreault exceeded his authority when he presented phony invoices and transferred funds from the line of credit to pay personal debts. *See Kolobakken*, 347 N.W.2d at 570–71.

[¶ 12] Although the trial court intended the November 22 hearing to also serve as a preliminary hearing on probable cause, a probable cause hearing is not a substitute for a trial on the merits. *See State v. Foley,* 2000 ND 91, ¶ 7, 610 N.W.2d 49. Rule 5.1, N.D.R.Crim.P., provides for a preliminary hearing to determine if there is probable cause to believe the accused committed a crime. *See Walker v. Schneider,* 477 N.W.2d 167, 172 (N.D.1991). Under Rule 5.1, N.D.R.Crim. P., a trial court must discharge a defendant after a preliminary hearing "if it appears either a public offense has not been committed, or there is not sufficient cause to believe the defendant guilty of the offense." *State v. Serr,* 1998 ND 66, ¶ 10, 575 N.W.2d 896. The standard of probable cause applicable at a preliminary hearing is the same standard of probable cause needed for a valid arrest. *See State v. Morrissey,* 295 N.W.2d 307, 311 (N.D. 1980). Thus, in order to satisfy the probable cause standard of a preliminary hearing, the State is not required to prove beyond a reasonable doubt that a crime occurred, rather "it is only necessary for the State to produce sufficient evidence 'to satisfy the examining magistrate that a crime has been committed and that the accused is probably guilty.'" *See Foley,* at ¶ 8 (quoting *Serr,* at ¶ 10). The trial court never reached the issue of whether there is probable cause to believe Perreault is guilty of theft. *See Foley,* at ¶ 11 (remanding for a probable cause determination when the order dismissing the charges against the defendant did not indicate the trial court disbelieved the State's evidence of probable cause).

## IV

[¶ 13] We, therefore, reverse the dismissal of the charges against Perreault and remand for a determination of probable cause. On remand, the trial court is also free to consider the *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) issue which was raised, but not resolved in its memorandum and order.

[¶ 14] VANDE WALLE, C.J., NEUMANN, SANDSTROM, JJ., and JOHN C. McCLINTOCK, Jr., District Judge, concur.

[¶ 15] The Honorable JOHN C. McCLINTOCK, Jr., District Judge, sitting in place of KAPSNER, J., disqualified.