2013 ND 105

**STATE of North Dakota, Plaintiff and Appellant**

**v.**

**Steven GOLDMANN, Defendant and Appellee.**

No. 20120366.

Supreme Court of North Dakota.

June 19, 2013.

Nathan K. Madden, Assistant State's Attorney, Williams County State's Attorney Office, Williston, ND, for plaintiff and appellant.

Kevin J. Chapman, Williston, ND, for defendant and appellee; submitted on brief.

KAPSNER, Justice.

[¶ 1] The State appeals from a district court order dismissing a class B felony theft of property charge against Steven Goldmann for lack of probable cause. Because we conclude the State produced evidence establishing probable cause for a class B felony theft and the district court erred in its theft valuation, we reverse and remand.

I

[¶ 2] In July 2012, the State charged Goldmann with class B felony theft of property for an incident involving the purchase of a new pickup. At the preliminary hearing, Officer Zimmerman testified that on May 29, 2012, Goldmann obtained possession of a 2012 pickup valued at over $62,000 from a dealership. According to Officer Zimmerman, Goldmann sought to pay for the vehicle by having his employee credit union wire money to the dealership. Officer Zimmerman testified that to wire the money, Goldmann utilized a dealership computer to initiate the electronic transfer. Officer Zimmerman testified that Goldmann purported to enter a "wire transfer code," which the dealership's business manager believed resulted in a legitimate transaction. The dealership allowed Goldmann to leave with the vehicle.

[¶ 3] After Goldmann left the dealership, the electronic transfer did not come through. Officer Zimmerman testified that the dealership contacted Goldmann's credit union to inquire why the money had not arrived. According to Officer Zimmerman, Goldmann's credit union told the dealership that a tracking number for the wire transfer had never been issued and recommended getting the vehicle back from Goldmann. The dealership subsequently contacted Goldmann, and according to Officer Zimmerman, for about two weeks Goldmann offered "several different

excuses" about the vehicle payment. Officer Zimmerman testified that on June 13, 2012, the dealership threatened Goldmann with legal action unless he brought the vehicle back. Goldmann brought the vehicle back. Officer Zimmerman testified that the dealership did "not claim[ ] that the pickup was stolen" and sought $3,630.25 in expenses for Goldmann's use and possession of the vehicle.

[¶ 4] At the conclusion of the preliminary hearing, the district court stated: "I am willing to bind this over for a C Felony, because it's certainly over five hundred dollars ($500) that he took from them, from the evidence that I heard today. Now, that would—that's gonna be for another day as far as proof of everything, but from the allegations I don't see a B Felony. I see a C Felony." The district court gave the State the option of presenting new evidence or pursuing a class C felony. The State declined to file a class C felony charge, and the district court dismissed the class B felony charge without prejudice. The State appeals.

## II

[¶ 5] We must first determine if this matter is appealable. Goldmann asserts that "[a]n order of dismissal without prejudice is typically not appealable...." In response, the State argues that "[d]ue to [the district court's] legal errors, the ability of the State to properly charge this offense has been removed, and proper recharging cannot occur until there is appellate review and reversal."

[¶ 6] "The State's right to appeal must be expressly granted by statute." *State v. Erickson*, 2011 ND 49, ¶ 6, 795 N.W.2d 375 (citing *State v. Deutscher*, 2009 ND 98, ¶ 6, 766 N.W.2d 442). Section 29–28–07, N.D.C.C., provides:

An appeal may be taken by the state from:

1. An order quashing an information or indictment or any count thereof.

2. An order granting a new trial.

3. An order arresting judgment.

4. An order made after judgment affecting any substantial right of the state.

5. An order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding. The statement must be filed with the clerk of district court and a copy must accompany the notice of appeal.

This Court has "consistently held that an order dismissing a criminal complaint, information, or indictment is the equivalent of an order quashing an information or indictment and is therefore appealable under the statute." *See, e.g., State v. Gwyther*, 1999 ND 15, ¶ 11, 589 N.W.2d 575 (citations omitted). In *Gwyther*, we had to determine whether we had jurisdiction over the State's appeal from an order dismissing a conspiracy charge without prejudice. *Id.* at ¶ 9. We held that "[b]ecause [N.D.C.C. § 29–28–07(1) ] does not specifically limit appealability to an order quashing with prejudice, we conclude an order dismissing a complaint, information, indictment, or any count thereof, with or without prejudice, is appealable...." *Gwyther*, at ¶ 11. Accordingly, we have jurisdiction over the State's appeal from the order dismissing the class B felony theft of property charge without prejudice.

## III

[¶ 7] The State argues the district court erred in "dismissing the B Felony theft charge against Goldmann at the ... Preliminary Hearing."

[¶ 8] A preliminary hearing is a screening tool "to determine the existence or absence of probable cause." *State v. Blunt*, 2008 ND 135, ¶ 17, 751 N.W.2d 692 (citation and quotation omitted). Probable cause "exists when the facts and circumstances are sufficient to warrant a person of reasonable caution in believing an offense has been or is being committed." *Id.* at ¶ 16 (citations and quotation omitted). "The standard of probable cause at the preliminary hearing is the same standard of probable cause required for a valid arrest." *Id.* (citations omitted). "To establish probable cause, the officer does not have to possess knowledge of facts sufficient to establish guilt; all that is necessary is knowledge that would furnish a prudent person with reasonable grounds for believing a violation has occurred." *State v. Berger*, 2004 ND 151, ¶ 11, 683 N.W.2d 897 (citations omitted). Because a preliminary hearing is not an actual trial, "[t]he finding of probable cause may be based on hearsay evidence" and "evidence that would be inadmissible at the trial." N.D.R.Crim.P. 5.1(a). If, after hearing the evidence, the court finds "either a public offense has not been committed or there is not sufficient cause to believe the defendant guilty of the offense, the magistrate must discharge the defendant." N.D.R.Crim.P. 5.1(b).

[¶ 9] In reviewing an appeal from a dismissal of an information at a preliminary hearing, this Court "will not reverse a trial court's findings of fact if after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the findings and if the trial court's decision is not contrary to the manifest weight of the evidence." *State v. Perreault*, 2002 ND 14, ¶ 6, 638 N.W.2d 541 (citation and quotation omitted). "Whether the facts found by the trial court reach the level of probable cause is a question of law, fully reviewable on appeal." *State v. Foley*, 2000 ND 91, ¶ 8, 610 N.W.2d 49 (citing *State v. Serr*, 1998 ND 66, ¶ 9, 575 N.W.2d 896).

[¶ 10] Section 12.1–23–02, N.D.C.C., states a person is guilty of theft if he:

1. Knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another with intent to deprive the owner thereof;

2. Knowingly obtains the property of another by deception or by threat with intent to deprive the owner thereof, or intentionally deprives another of his property by deception or by threat; or

3. Knowingly receives, retains, or disposes of property of another which has been stolen, with intent to deprive the owner thereof.

Theft of "property ... exceed[ing] five hundred dollars in value" is a class C felony, and theft of "property ... exceed[ing] ten thousand dollars in value" is a class B felony. N.D.C.C. § 12.1–23–05(1) & (2).[1]

[¶ 11] The district court determined that the State had established probable cause Goldmann had committed a class C felony theft, but not a class B felony theft. The court stated, "I am willing to bind this over for a C Felony, because it's certainly over five hundred dollars ($500) that he took from them, from the evidence that I heard today.... [B]ut from the allegations I don't see a B Felony. I see a C Felony." For the court to make a finding of probable cause for a

---

1. The 2013 Legislative Assembly recently amended N.D.C.C. § 12.1–23–05 by passing Senate Bill 2251. We consider the previous version of the statute, however, because this case predates the amendments.

class C felony theft, the court necessarily found probable cause that Goldmann knowingly engaged in a theft when he took the vehicle from the dealership. Accordingly, the dispositive issue is the value of the allegedly stolen property.

[¶ 12] Officer Zimmerman testified the vehicle was worth over $62,000, and Goldmann "attempted to purchase" the vehicle with the electronic transfer. Goldmann was not renting or leasing the vehicle as he did not "have permission to take this vehicle without paying for it." Officer Zimmerman also testified that he "asked [the dealership] for a dollar value of what they were out with being able to resell it." The dealership identified $3,630.25 as "their estimate of rental fee, oil change, [cost to] detail the vehicle and loss of revenue." The dealership filed a statement with law enforcement seeking to collect this amount. Based on the preliminary hearing transcript, it appears the district court graded the theft based on the amount the dealership sought from Goldmann in expenses. This is an error of law.

[¶ 13] Under N.D.C.C. § 12.1–23–05(6), "the amount involved in a theft under this chapter shall be the highest value by any reasonable standard." In *State v. Ensz*, Ensz was charged with theft of property valued over $500 for stealing some ski equipment and other various sporting equipment. 503 N.W.2d 236, 237 (N.D. 1993). After being convicted in a jury trial, Ensz appealed, asserting the State failed to show the 5–year–old ski equipment's current value exceeded $500 because "the only reasonable standard for valuing the property is market value." *Id.* at 238.

[¶ 14] We disagreed, noting that because N.D.C.C. § 12.1–23–05(6) uses "the highest value by any reasonable standard," it "was enacted to provide broad latitude for determining value." *Ensz*, 503 N.W.2d at 238–39. After noting that "[t]he theft valuation provision [was] borrowed with slight modification, from the Model Penal Code," we recognized that "[t]he purpose [of the Model Penal Code] is to put the transaction in a higher rather than a lower category where any one of several possible criteria of value justifies the higher classification." *Id.* at 239 (citations and quotations omitted). In rejecting Ensz's argument, we noted that "market value is not necessarily the highest value by any reasonable standard. In some instances, the original or replacement cost of the stolen property is an appropriate measure of value." *Id.* (citations omitted).

[¶ 15] Here, Officer Zimmerman testified that the vehicle was worth over $62,000 on May 29, 2012, when Goldmann purported to electronically transfer the vehicle payment. Although the dealership identified $3,630.25 as "their estimate of rental fee, oil change, [cost to] detail the vehicle and loss of revenue," the highest value of the allegedly stolen property by any reasonable standard was approximately $62,000, not the dealership's estimated cost of Goldmann's two-week use of the vehicle. The district court previously determined the State's evidence established probable cause that a theft had occurred, and we conclude the State's valuation evidence established probable cause that the theft was over $10,000.

[¶ 16] Because the evidence is sufficient to warrant a person of reasonable caution in believing Goldmann committed a class B felony theft of property, we conclude the district court erred by dismissing the charge against Goldmann for lack of probable cause.

IV

[¶ 17] We reverse the order dismissing the charge and remand for proceedings consistent with this opinion.

[¶ 18]   GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.