2017 ND 139

**STATE of North Dakota, Plaintiff and Appellant**

v.

**Kensley Danielle TURBEVILLE, Defendant and Appellee**

**No. 20160333**

Supreme Court of North Dakota.

Filed 6/7/2017

Stephenie L. Davis, McKenzie County Assistant State's Attorney, Watford City, ND, for plaintiff and appellant.

Steven J. Fischer, Bismarck, ND, for defendant and appellee.

Kapsner, Justice.

[¶ 1] The State appeals a district court order dismissing with prejudice a class B felony charge of possession of a controlled substance with intent to deliver against Kensley Turbeville for lack of probable cause. Because we conclude the State produced sufficient evidence to establish probable cause for a charge of class B felony

possession of a controlled substance with intent to deliver, we reverse and remand.

## I

[¶ 2] On July 25, 2016, Turbeville was charged with possession of a controlled substance with intent to deliver and two counts of possession of drug paraphernalia following the execution of a search warrant at Turbeville's residence. The district court held a preliminary hearing and arraignment on September 29, 2016. At the hearing, an officer testified he responded to Turbeville's residence to investigate a potential domestic dispute. The officer testified he smelled an odor of burnt marijuana when the door was opened, and after determining no domestic dispute was occurring, asked for consent to search the home. The officer testified he obtained a search warrant for the home after being unable to secure consent from all the residents of the home. The officer testified the search revealed multiple items of drug paraphernalia, "a sizable amount of marijuana that looked like it had been processed into smaller, equal pieces for distribution," a "box to a small pocket scale," baggies containing marijuana, a grinder, and $379.00 in cash. Turbeville's counsel questioned the officer about the amount of marijuana found. The officer testified he did not feel he could get an accurate weight and that it was being analyzed at the state crime lab. The officer testified the individual "nuggets" of marijuana were not packaged separately. Turbeville argued there was nothing presented at the hearing to indicate she had intent to deliver. The State argued there was sufficient evidence presented for probable cause Turbeville possessed marijuana with intent to deliver.

[¶ 3] The district court ordered count 1, possession of a controlled substance with intent to deliver, dismissed with prejudice. At the preliminary hearing, the district court stated, "I just don't believe there's sufficient evidence to go forward to a jury.... I just don't feel there's sufficient evidence ... not on this charge anyway." On September 29, 2016, the district court entered an order dismissing, with prejudice, Turbeville's possession of a controlled substance with intent to deliver charge. The State filed a notice of appeal on October 4, 2016.

## II

[¶ 4] On appeal, the State argues the district court erred by failing to find probable cause in support of the charge of possession of a controlled substance with intent to deliver. The State asks this Court to reverse the district court's order of dismissal and remand for further proceedings. Turbeville argues the district court properly dismissed the charge.

▬▬▬ [¶ 5] "The State's right to appeal must be expressly granted by statute." *State v. Goldmann*, 2013 ND 105, ¶ 6, 831 N.W.2d 748 (quoting *State v. Erickson*, 2011 ND 49, ¶ 6, 795 N.W.2d 375). The State has the ability to appeal from an order dismissing a charge with prejudice under N.D.C.C. § 29–28–07. Section 29–28–07(1), N.D.C.C., provides the State may appeal from "[a]n order quashing an information or indictment or any count thereof." "This Court has 'consistently held that an order dismissing a criminal complaint, information, or indictment is the equivalent of an order quashing an information or indictment and is therefore appealable under the statute.'" *Goldmann*, at ¶ 6 (quoting *State v. Gwyther*, 1999 ND 15, ¶ 11, 589 N.W.2d 575). Accordingly, this Court has jurisdiction of the State's appeal from the order dismissing Turbeville's class B felony possession of a controlled substance with intent to deliver charge with prejudice.

[¶ 6] The district court dismissed the class B felony charge of possession of a controlled substance with intent to deliver against Turbeville at the preliminary hearing. This Court has previously explained the purpose of a preliminary hearing in a criminal case:

> A preliminary hearing is a screening tool "to determine the existence or absence of probable cause." *State v. Blunt*, 2008 ND 135, ¶ 17, 751 N.W.2d 692 (citation and quotation omitted). Probable cause "exists when the facts and circumstances are sufficient to warrant a person of reasonable caution in believing an offense has been or is being committed." *Id.* at ¶ 16 (citations and quotation omitted). "The standard of probable cause at the preliminary hearing is the same standard of probable cause required for a valid arrest." *Id.* (citations omitted). "To establish probable cause, the officer does not have to possess knowledge of facts sufficient to establish guilt; all that is necessary is knowledge that would furnish a prudent person with reasonable grounds for believing a violation has occurred." *State v. Berger*, 2004 ND 151, ¶ 11, 683 N.W.2d 897 (citations omitted). Because a preliminary hearing is not an actual trial, "[t]he finding of probable cause may be based on hearsay evidence" and "evidence that would be inadmissible at the trial." N.D.R.Crim.P. 5.1(a). If, after hearing the evidence, the court finds "either a public offense has not been committed or there is not sufficient cause to believe the defendant guilty of the offense, the magistrate must discharge the defendant." N.D.R.Crim.P. 5.1(b).

*Goldmann*, 2013 ND 105, ¶ 8, 831 N.W.2d 748. "The district court's authority to assess credibility and make findings of fact must be viewed ... in the context of the minimal burden of proof placed upon the State and the limited purpose of the preliminary hearing." *Blunt*, at ¶ 15. "The State is not required to prove with absolute certainty or beyond a reasonable doubt that a crime occurred, but rather need only produce sufficient evidence to satisfy the court that a crime has been committed and that the accused is probably guilty." *Id.* "At its core, the preliminary hearing is a tool to ferret out groundless and improvident prosecutions." *Id.* (citations and quotation marks omitted).

[¶ 7] When reviewing an appeal from a dismissal of a criminal charge at a preliminary hearing, this Court "will not reverse a trial court's findings of fact if after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the findings and if the trial court's decision is not contrary to the manifest weight of the evidence." *Goldmann*, 2013 ND 105, ¶ 9, 831 N.W.2d 748 (quoting *State v. Perreault*, 2002 ND 14, ¶ 6, 638 N.W.2d 541). "Whether the facts found by the trial court reach the level of probable cause is a question of law, fully reviewable on appeal." *State v. Foley*, 2000 ND 91, ¶ 8, 610 N.W.2d 49.

[¶ 8] Turbeville was charged with class B felony possession of a controlled substance with intent to deliver in violation of N.D.C.C. § 19–03.1–23(1). Section 19–03.1–23(1), N.D.C.C., states, "it is unlawful for any person to willfully, as defined in section 12.1–02–02, manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance...." "Any person who violates this subsection with respect to: Any other controlled substance classified in schedule I, II, or III, or a controlled substance analog is guilty of a class B felony." N.D.C.C. § 19–03.1–23(1)(b). Marijuana is classified as a schedule I substance under N.D.C.C. § 19–03.1–

05(5)(h). At the preliminary hearing, the State had the burden to show the facts and circumstances were "sufficient to warrant a person of reasonable caution in believing" Turbeville possessed marijuana with intent to deliver. *Blunt*, 2008 ND 135, ¶ 16, 751 N.W.2d 692 (citations omitted).

[¶ 9] The district court found the possession with intent to deliver charge was not supported by probable cause. Specifically, the district court was concerned with the element of intent to deliver. The written order of dismissal did not provide the rationale for the district court's decision, but the district court made oral findings at the hearing. The district court stated:

> The marijuana's about an ounce or less, and I think that's a pretty marginal amount. There isn't really any other indications, to the Court anyways, that this was for the intent to distribute or to deliver. And, the cash in and of itself, and the baggies in and of itself, and even them together, I just don't believe at this juncture how it rises to the intent to deliver. If it were even field tested and it was significantly more than an ounce, I might feel different. But I am going to dismiss the felony at this time. I just don't feel that there is enough here, together, to constitute intent to deliver. I think that there's a fine case for possession and I would say, even the use of marijuana, or the smell of burnt odor of marijuana also probably indicates that this was for use. It is a marginal case but I think it favors the defense in this instance. Without knowing anything more about the quantity, and the testimony we have here is it was about an ounce, and I understand that can be enough to distribute but at this juncture I don't believe it's enough.

At the preliminary hearing, the State pointed out the question of intent was one for the jury. The district court responded that its concern was not the weight of the evidence, but the sufficiency of the evidence. The district court stated, "I just don't believe there's sufficient evidence to go forward to a jury."

[¶ 10] At the hearing, the officer testified he observed marijuana that "looked like it had been processed into smaller, equal pieces for distribution." The officer testified he found a box for a small pocket scale, $379.00 in cash, a grinder, and other baggies with marijuana inside them in the bedroom belonging to Turbeville. After being questioned on the multiple items of paraphernalia found, the officer testified he believed it was common for a dealer to have items of paraphernalia in her possession. The officer testified that, based upon what he observed and the contraband he found, the situation showed Turbeville was more than a casual user. The officer testified he reached this conclusion based on the presence of the marijuana, its appearance that it was being measured out into equal portions, and the presence of baggies, some with marijuana in them. The State asked the officer, "So, it looked like this had been in the process of being divided up for sale in smaller doses, so to speak?" The officer replied, "Correct."

[¶ 11] "Whether the facts found by the trial court reach the level of probable cause is a question of law, fully reviewable on appeal." *Foley*, 2000 ND 91, ¶ 8, 610 N.W.2d 49. The district court noted the facts included the presence of "about an ounce" of marijuana, "baggies," and cash. The district court stated, "Without knowing anything more about the quantity, and the testimony we have here is it was about an ounce, and I understand that can be enough to distribute but at this juncture I don't believe it's enough." Section 19–03.1–23, N.D.C.C., does not provide a statutorily defined minimum amount of controlled substance required to support a charge of

possession of a controlled substance with intent to deliver.

[¶ 12] "This Court has stressed that a preliminary hearing is not a trial on the merits." *Blunt*, 2008 ND 135, ¶ 15, 751 N.W.2d 692 (citing *State v. Buchholz*, 2005 ND 30, ¶ 11, 692 N.W.2d 105; *Perreault*, 2002 ND 14, ¶ 12, 638 N.W.2d 541 (citations omitted)). Probable cause exists when the facts and circumstances are sufficient to warrant a person of reasonable caution to believe an offense has been committed and "knowledge of facts sufficient to establish guilt is not necessary to establish probable cause." *Blunt*, at ¶ 16 (citations omitted). The evidence presented included: testimony an officer found "a sizable amount of marijuana that looked like it had been processed into smaller, equal pieces for distribution," a "box to a small pocket scale," a grinder, baggies containing marijuana, and $379.00 in cash in Turbeville's bedroom. The officer also testified, based on his training and experience, the fact the marijuana had been divided into equal portions and the presence of baggies containing marijuana, Turbeville was more than a casual user. The district court found the State had presented evidence that "about an ounce or less" of marijuana had been discovered in Turbeville's possession, along with baggies and cash. We conclude there was sufficient evidence presented at the preliminary hearing to establish probable cause that Turbeville committed the offense of possession of a controlled substance with intent to deliver as a matter of law. The district court erred when it concluded the charge was not supported by probable cause and ordered the charge dismissed with prejudice.

### III

[¶ 13] Because we conclude the district court erred in concluding there was not probable cause to believe Turbeville committed the offense of possession of a controlled substance with intent to deliver, we reverse the district court's order dismissing the charge and remand for further proceedings.

[¶ 14] Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Jerod E. Tufte

Gerald W. VandeWalle, C.J.