Crothers, Justice.
 

 [¶ 1] The State appeals a district court order dismissing with prejudice felony charges of possession of a controlled substance with intent to deliver against Mitchell James and Taelor Brown. Because the production of hash oil is "manufacturing" as defined in N.D.C.C. § 19-03.1-01(17), and because the district court made a mistake of law regarding the possession with intent to deliver charge, the State met the burden of proving probable cause. We reverse and remand.
 

 I
 

 [¶ 2] In December 2017 Mitchell James and Taelor Brown were charged with possession with intent to manufacture or deliver a controlled substance. The district court held a preliminary hearing on March 2, 2018, where a law enforcement officer testified that a search of the defendants' home led to the discovery of marijuana paraphernalia, raw marijuana packed in a plastic tube, a butane canister, approximately two to three grams of hash oil and digital scales. The district court dismissed the charges for lack of probable cause, finding James' and Brown's actions did not constitute "manufacturing" of a controlled substance and no evidence was presented showing previous "deals," communications, pay sheets or products for sale to a third party. The district court also did not find probable cause for intent to deliver because the small amount of hash oil recovered could be for personal use, no supporting evidence existed of previous "deals," communications or pay sheets, and the presence of a digital scale without evidence of packaging or preparation for resale did not support a charge of intent to deliver.
 

 II
 

 [¶ 3] The State timely appealed and argues the district court erred in dismissing the charges by failing to categorize James' and Brown's actions as "manufacturing," and not finding the minimal burden of proof for manufacturing and delivery of hash oil was satisfied. An order dismissing a criminal complaint, information, or indictment is the equivalent of an order quashing an information and is appealable.
 
 State v. Baumgartner
 
 ,
 
 2001 ND 202
 
 , ¶ 6,
 
 637 N.W.2d 14
 
 . A district court decision to dismiss a criminal charge is reviewed for abuse of discretion.
 
 State v. Ferrie
 
 ,
 
 2008 ND 170
 
 , ¶ 6,
 
 755 N.W.2d 890
 
 . A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner or if it misinterprets or misapplies the law.
 
 O'Hara v. Schneider
 
 ,
 
 2017 ND 53
 
 , ¶ 10,
 
 890 N.W.2d 831
 
 .
 

 [¶ 4] At the hearing the district court addressed the definition of "manufacturing" as follows:
 

 *384
 
 "COURT: ... And my understanding of the definition is that it does require that there is some evidence that there is the intent to manufacture, or actual manufacturing to be distributed or packaged, or whatever, for a third party. It's not my interpretation of that rule and I don't think there's a case that says otherwise; that if you make your own hashish from marijuana you're manufacturing for other people."
 

 The State argues even if the hash oil was not for sale to third parties, the transformation of raw marijuana to hash oil is "manufacturing" as currently defined in N.D.C.C. § 19-03.1-01(17), because James and Brown did not "prepare" or "compound" the marijuana into hash oil for personal use. The State argues James and Brown manufactured hash oil by "converting" the plant into an oil-like substance.
 

 [¶ 5] Under N.D.C.C. § 19-03.1-01(17) :
 

 " 'Manufacture' means the production, preparation, propagation, compounding, conversion, or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis and includes any packaging or repackaging of the substance or labeling or relabeling of its container. The term does not include the preparation or compounding of a controlled substance by an individual for the individual's own use or the preparation, compounding, packaging, or labeling of a controlled substance:
 

 a. By a practitioner as an incident to the practitioner's administering or dispensing of a controlled substance in the course of the practitioner's professional practice; or
 

 b. By a practitioner, or by the practitioner's authorized agent under the practitioner's supervision, for the purpose of, or as an incident to, research, teaching, or chemical analysis and not for sale."
 

 [¶ 6] Under the statute, an exception to the definition of "manufacturing" exists when "preparation" or "compounding" of a controlled substance is done by an individual for the individual's own use. But "preparation" and "compounding" are only two of the six statutory methods of manufacturing a controlled substance. The remaining four acts of "manufacturing" are "production," "propagation," "conversion," or "processing." Each of the remaining four acts can be done by an individual for individual use and still meet the statutory definition of "manufacturing."
 

 [¶ 7] The transformation of raw marijuana to hash oil is more than "preparation" or "compounding" for personal use.
 
 See
 

 People v. Lente
 
 ,
 
 406 P.3d 829
 
 , 830 (Colo. 2017) (making hash oil through extraction or chemical synthesis "manufacturing" under Colorado statute);
 
 State v. Naples
 
 ,
 
 2018 WL 3212658
 
 (2018 Ohio App.) (hash oil manufacturing could be established through evidence that the offender engaged in any part of production of a drug by extraction);
 
 People v. Bergen
 
 ,
 
 166 Cal. App. 4th 161
 
 , 164,
 
 82 Cal.Rptr.3d 577
 
 (use of a chemical like butane in the extraction process supports a manufacturing charge). Here, the district court construed N.D.C.C. § 19-03.1-01(17) to require indicia of sale or preparation for third parties for all six acts listed in the statute. That was an error because James and Brown still could be found guilty of manufacturing if a jury would find they were engaged in "production," "propagation," "conversion," or "processing" of hash oil.
 

 [¶ 8] The district court was presented with evidence indicating James and Brown were transforming raw marijuana into hash oil. The presence of butane, digital
 
 *385
 
 scales, raw marijuana and the device used to transform marijuana into hash oil is enough to satisfy the minimal burden of establishing probable cause for manufacturing under the four acts not excepted for personal use. Therefore, the district court erred dismissing the charge of possession with intent to manufacture.
 

 III
 

 [¶ 9] The State argues the district court erred in dismissing the charge of possession with intent to deliver. We agree.
 

 [¶ 10] The purpose of a preliminary hearing has been described by this Court:
 

 "A preliminary hearing is a screening tool 'to determine the existence or absence of probable cause.'
 
 State v. Blunt
 
 ,
 
 2008 ND 135
 
 , ¶ 17,
 
 751 N.W.2d 692
 
 (citation and quotation omitted). Probable cause 'exists when the facts and circumstances are sufficient to warrant a person of reasonable caution in believing an offense has been or is being committed.'
 
 Id.
 
 at ¶ 16 (citations and quotation omitted). 'The standard of probable cause at the preliminary hearing is the same standard of probable cause required for a valid arrest.'
 
 Id.
 
 (citations omitted). 'To establish probable cause, the officer does not have to possess knowledge of facts sufficient to establish guilt; all that is necessary is knowledge that would furnish a prudent person with reasonable grounds for believing a violation has occurred.'
 
 State v. Berger
 
 ,
 
 2004 ND 151
 
 , ¶ 11,
 
 683 N.W.2d 897
 
 (citations omitted). Because a preliminary hearing is not an actual trial, '[t]he finding of probable cause may be based on hearsay evidence' and 'evidence that would be inadmissible at the trial.' N.D.R.Crim.P. 5.1(a). If, after hearing the evidence, the court finds 'either a public offense has not been committed or there is not sufficient cause to believe the defendant guilty of the offense, the magistrate must discharge the defendant.' N.D.R.Crim.P. 5.1(b)."
 

 State v. Goldmann
 
 ,
 
 2013 ND 105
 
 , ¶ 8,
 
 831 N.W.2d 748
 
 .
 

 [¶ 11] At a preliminary hearing, "[T]he State is not required to prove with absolute certainty or beyond a reasonable doubt that a crime occurred, but rather need only produce sufficient evidence to satisfy the court that a crime has been committed and that the accused is probably guilty."
 
 Id
 
 . at ¶ 15. "At its core, the preliminary hearing is a tool to ferret out groundless and improvident prosecutions."
 

 Id.
 

 (citations and quotation marks omitted).
 

 [¶ 12] Here, the officer testified finding "one to two grams" of hash oil and "multiple" digital scales at the residence. The officer testified that a typical dose would be 0.02 grams. The district court minimized the significance of that evidence and instead commented on what evidence was not produced. The district court stated, "Here's what I have in regards to what I look at in regards to intent to distribute. I'd be looking at whether or not there's contact or information indicating that they have previously distributed this oil or other drugs; that would certainly sway my determination of probable cause."
 

 [¶ 13] In
 
 Blunt
 
 this court concluded "The district court may not base its conclusion that probable cause was lacking upon a finding that 'it is not inconceivable' there is an innocent explanation for the defendant's conduct."
 
 2008 ND 135
 
 , ¶ 17,
 
 751 N.W.2d 692
 
 . Similarly, the district court in this case found that the lack of evidence usually found in drug distribution cases was indicative of possession for personal use.
 

 [¶ 14] We agree with the district court that evidence of sales contacts, packaging
 
 *386
 
 of individual doses, and pay-owe sheets would strengthen the State's case. Indeed, the lack of such evidence suggests a viable defense. However, the lack of such evidence should not result in a dismissal of charges because, at the preliminary hearing stage, the State is not required to negate every possible scenario of innocence to satisfy the minimal burden of proving probable cause. Furthermore, the element of intent rarely is established by direct evidence, and is a question for the jury if there is sufficient evidence to support an inference of the required intent.
 
 See
 

 State v. Howe
 
 ,
 
 247 N.W.2d 647
 
 , 655 (N.D. 1976) ("Where intent of the accused is an element of the crime charged, its existence is a question of fact for the jury.").
 

 [¶ 15] In
 
 Blunt
 
 the district court erred by basing its conclusion that probable cause was lacking upon a finding that "it is not inconceivable" there is an innocent explanation for the defendant's conduct.
 
 2008 ND 135
 
 , ¶ 20,
 
 751 N.W.2d 692
 
 . We concluded the phrase "it is not inconceivable" suggested the court was employing a standard greater than the "beyond a reasonable doubt" necessary for conviction.
 

 Id.
 

 Here, like in
 
 Blunt
 
 , the language used by the district court indicates a misapplication of the legal standard for a preliminary hearing. Therefore, the order dismissing the possession with intent to deliver charge is reversed.
 

 IV
 

 [¶ 16] The district court abused its discretion by determining "manufacturing" requires evidence of producing controlled substances for a third party. The transformation of raw marijuana to hash oil is more than "preparation" or "compounding" for individual use, thereby permitting a finding of manufacturing under the remaining acts proscribed by the statute. The district court made a mistake of law in discussing the possession with intent to deliver charge. We reverse and remand.
 

 [¶ 17] Daniel J. Crothers
 

 Jerod E. Tufte
 

 Jon J. Jensen
 

 Gary H. Lee, D.J.
 

 Lisa Fair McEvers, Acting C.J.
 

 [¶ 18] The Honorable Gary H. Lee, D.J., sitting in place of VandeWalle, C.J., disqualified.