# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 101

State of North Dakota,                                    Plaintiff and Appellant

     v.

Kristen Danielle Howard,                                 Defendant and Appellee

### No. 20200300

State of North Dakota,                                    Plaintiff and Appellant

     v.

Oshaya Inez Watkins,                                                    Defendant

### No. 20200301

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Stacy J. Louser, Judge.

REVERSED AND REMANDED.

Opinion of the Court by VandeWalle, Justice.

Tiffany M. Sorgen, Assistant State's Attorney, Minot, ND, for plaintiff and appellant.

Erich M. Grant, Minot, ND, for defendant and appellee Kristen Danielle Howard.

**VandeWalle, Justice.**

[¶1]   The State appealed from an order of dismissal after the district court dismissed conspiracy charges against Kristen Howard and Oshaya Watkins for lack of probable cause. We reverse and remand.

I

[¶2]   The State charged Howard and Watkins with conspiracy to commit burglary and conspiracy to commit aggravated assault, both class C felonies. On August 6, 2020, Kayla Kelly recorded a conversation on her phone that she had with Howard and Watkins at their workplace in Minot. Howard supervised Kelly and Watkins and called them in on their day off for this meeting. Howard and Watkins were speaking when Kelly arrived.

[¶3]   Howard told Kelly that Howard's husband was having an affair with Jane Doe, a service member in the U.S. Air Force. Howard allegedly planned to get back at Doe for having the affair with Howard's husband. According to the alleged plan, Watkins was supposed to pick up Doe that night. The three would then take Doe drinking in Minot and slip her a drug. While in Minot, Watkins was supposed to get Doe's keys, and Howard would then go back to Doe's apartment and "plant paraphernalia and drug items." The apparent purpose of drugging Doe and planting items was to get Doe in trouble with the Air Force. Howard told Kelly and Watkins she had a drug they could use.

[¶4]   After the conversation ended, Kelly reported it to Deputy Taylor Schiller of the Ward County Sheriff's Office on the same day. Schiller listened to the recording of the conversation. Schiller contacted Howard's husband, who confirmed he had an affair with Doe. Schiller also spoke to Doe, who said she received text messages about meeting up with others that evening. However, the person texting Doe told Doe her name was Mandy, and the phone number did not come back to Howard or Watkins. No meeting took place with Doe as Howard was arrested that same day. After a preliminary hearing, the district court dismissed the charges without prejudice for lack of probable cause. The

court found no evidence supported the "overt act" requirement for the conspiracy charges.

## II

[¶5]  The State appealed from an order dismissing the charges against Howard and Watkins without prejudice. Under N.D.C.C. § 29-28-07(1) the State can appeal from "[a]n order quashing an information or indictment or any count thereof." We have previously held an order dismissing a criminal case without prejudice is appealable under N.D.C.C. § 29-28-07(1). *State v. Gwyther*, 1999 ND 15, ¶¶ 10-11, 589 N.W.2d 575. In *State v. Gwyther* we said, "Because the statute does not specifically limit appealability to an order quashing with prejudice, we conclude an order dismissing a complaint, information, indictment, or any count thereof, with or without prejudice, is appealable under N.D.C.C. § 29-28-07(1)." *Id.* at ¶ 11. Therefore, the State can appeal the district court's order dismissing the charges without prejudice.

## III

[¶6]  The State argues the district court erred when it found no probable cause existed for the charges of conspiracy to commit burglary and conspiracy to commit aggravated assault. It asserts the dismissal was contrary to the evidence presented at the hearing. This Court reviews a district court's decision to dismiss a criminal charge for an abuse of discretion. *State v. Brown*, 2018 ND 229, ¶ 3, 918 N.W.2d 382. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner or if it misinterprets or misapplies the law." *Id.*

> In determining if probable cause exists, the court may judge credibility and make findings of fact and we will not reverse the findings if, after resolving conflicts in the evidence in favor of affirming, sufficient evidence exists that support the court's findings and the decision is not contrary to the manifest weight of the evidence. Whether the facts found by the court constitute probable cause is a question of law, fully reviewable on appeal.

*State v. Gratton*, 2020 ND 41, ¶ 8, 938 N.W.2d 902 (internal citation omitted). We have also said:

> The probable cause showing required at a preliminary hearing under N.D.R.Crim.P. 5.1 is "a minimal burden of proof." The standard of probable cause at the preliminary hearing is the same standard of probable cause required for a valid arrest. Under that standard, probable cause exists when the facts and circumstances are sufficient to warrant a person of reasonable caution in believing an offense has been or is being committed, and knowledge of facts sufficient to establish guilt is not necessary to establish probable cause.

*Gratton*, 2020 ND 41, ¶ 9 (internal quotations and citations omitted). "To justify binding over for trial a person accused of a crime, it is only necessary at the preliminary examination that sufficient evidence be introduced to satisfy the judge that a crime has been committed and that the accused is probably guilty." *Heick v. Erickson*, 2001 ND 200, ¶ 4, 636 N.W.2d 913; *see also State v. Serr*, 1998 ND 66, ¶ 10, 575 N.W.2d 896; N.D.R.Crim.P. 5.1(a).

IV

[¶7] The State charged Howard and Watkins with conspiracy to commit burglary and conspiracy to commit aggravated assault. The legal standard for conspiracy is set by statute:

> A person commits conspiracy if he agrees with one or more persons to engage in or cause conduct which, in fact, constitutes an offense or offenses, and any one or more of such persons does an overt act to effect an objective of the conspiracy. The agreement need not be explicit but may be implicit in the fact of collaboration or existence of other circumstances.

N.D.C.C. § 12.1-06-04(1).

[¶8] A person commits the crime of burglary if the person:

> willfully enters or surreptitiously remains in a building or occupied structure, or a separately secured or occupied portion thereof, when at the time the premises are not open to the public and the actor is not licensed, invited, or otherwise privileged to enter or remain as the case may be, with intent to commit a crime therein.

3

N.D.C.C. § 12.1-22-02(1). Aggravated assault, as charged in the amended complaint, is a class C felony and requires a person to willfully cause serious bodily injury to another human. N.D.C.C. § 12.1-17-02(1)(a).

[¶9] "A conspiracy shall be deemed abandoned if no overt act to effect its objectives has been committed by any conspirator during the applicable period of limitations." N.D.C.C. § 12.1-06-04(3). "The burden upon the prosecution to prove an overt act is minimal, for almost any act in furtherance of the unlawful agreement will satisfy the overt-act requirement." *State v. Lind*, 322 N.W.2d 826, 845 (N.D. 1982).

[¶10] Here, the district court dismissed the conspiracy charges against Howard and Watkins after finding "no evidence either Howard or Watkins performed an overt act in furtherance of their alleged objective." Instead, the court found:

> [T]he only evidence presented was that Watkins, Howard and the third individual had a discussion regarding Jane Doe, "slipping something" into Jane Doe's beverage, trying to interfere with Jane Doe's employment and that Jane Doe received a general text message from an unidentified number asking her to "go out." Neither Watkins nor Howard were alleged to have made contact with Jane Doe nor her residence nor was there any evidence that Watkins or Howard took steps to obtain any substance intended to be used on Jane Doe. As to the text message, because same was general in nature and was from an unknown number, there is no nexus between Howard, Watkins and the message.

A

[¶11] The State argues the procurement of the controlled substance to drug Doe satisfied the overt act requirement for the conspiracy. "The necessary overt act in furtherance of the conspiracy by any one of the conspirators should be made subsequent to the agreement or may accompany or follow the agreement if in furtherance of its object." 15A C.J.S. *Conspiracy* § 148 (2021); *see also* 16 Am. Jur. 2d *Conspiracy* § 12 (2021) ("Where an overt act is required for a conspiracy prosecution, the act need not be unlawful or criminal but may be any act, innocent or illegal, accompanying or following the agreement.").

4

[¶12] Here, the district court found no evidence Howard or Watkins took steps to obtain a substance to drug Doe. In its brief the State notes, "What the Court neglected to consider was the fact Defendant Howard *had already procured* the drug which was intended to be introduced into Jane Doe's drink." (Emphasis added.) At the hearing Schiller testified, "[Howard] had said in her statement that she had had the drug."

[¶13] Although the district court found no evidence was presented on the drug procurement, the testimony of Schiller indicates Howard already had it in her possession when the conversation between herself, Watkins, and Kelly took place. A conspiracy charge requires the overt act to occur at the same time or after the agreement is made. The manifest weight of the evidence does not show that occurred here regarding the drug procurement. The little evidence introduced appears to show Howard acquired the drug before she and Watkins made any agreement. Therefore, the court did not err when it found a lack of evidence for the drug procurement to qualify as an overt act.

B

[¶14] The State also argues the text messages Doe received from someone who called herself Mandy indicated Howard or Watkins took an overt act to effect the conspiracy.

[¶15] In *Commonwealth v. Ericson*, the Massachusetts Appeals Court reviewed a defendant's convictions after he approached a minor in a park and asked her to send him nude photographs. 10 N.E.3d 127, 130 (Mass. App. Ct. 2014). The defendant approached the minor claiming he lost his cell phone, and asked to borrow her phone so he could locate his own. *Id.* Later that day, the minor received text messages from the defendant's phone. *Id.* The minor told the defendant she was sixteen and eventually went to the police after the defendant asked for pictures of the minor. *Id.* at 130-31. The police took possession of the minor's phone, and "the defendant sent a picture of himself in a tank top from the waist up." *Id.* at 131. Two days later, the police obtained the defendant's phone when it was delivered to them as lost property. *Id.* The phone contained the tank top picture and other pictures of the defendant. *Id.* at 131, 137.

5

[¶16] After he was convicted the defendant claimed, "[T]he evidence failed to show beyond a reasonable doubt his knowledge of [the minor's] age and his authorship of the text messages to her." *Ericson*, 10 N.E.3d at 137. The court concluded "ample circumstantial evidence" identified the defendant as the sender of the text messages to the minor. *Id.* It noted, "[The text messages] timing closely followed the meeting in the park." *Id.* It also noted, "The tank top image extracted from the cell phone showed the user of the cell phone as the man in the park." *Id.* The court held the evidence was sufficient to sustain the convictions. *See id.* at 139.

[¶17] In this case, the State only needed to meet a "minimal burden of proof" to show that a conspiracy was made and that Howard and Watkins probably are the culprits. Although the State has this minimal burden, the district court concluded there was no nexus between Howard, Watkins, and a text message to qualify as an overt act because it was "general in nature" and "from an unknown number." However, Schiller testified that Doe received text messages "from somebody regarding hanging out that evening."

[¶18] In *Ericson*, the timing of text messages to the minor was used as evidence to support a jury's finding the defendant sent them. *Ericson*, 10 N.E.3d at 137. Similar to *Ericson*, the time between the meeting of the three women to discuss the plan and Doe receiving the text messages can be used as evidence to indicate it was probably either Howard or Watkins who sent the messages. Although the district court found no nexus, a timing nexus exists between the recorded meeting and the text messages linking Howard and Watkins to the messages. This timing nexus establishes probable cause that Howard or Watkins committed an overt act under N.D.C.C. § 12.1-06-04(1) and (3). Therefore, the court erred when it found no evidence establishing probable cause that Howard and Watkins committed an overt act to effect the alleged conspiracy.

## V

[¶19] We reverse the district court's order dismissing the charges against Howard and Watkins and remand for further proceedings consistent with this opinion.

[¶20] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte