2005 ND 137

**STATE of North Dakota, Plaintiff and Appellant**

v.

**Michael Darnell JACKSON, Defendant and Appellee.**

No. 20050072.

Supreme Court of North Dakota.

July 25, 2005.

Tracy Jo Peters (appeared), Assistant State's Attorney, Aaron Grayson Birst (on brief), Assistant State's Attorney, and Lee Grossman (argued), law student, Fargo, N.D., for plaintiff and appellant.

Monty Grant Mertz, Fargo, N.D., for defendant and appellee.

KAPSNER, Justice.

[¶ 1] The State appealed from a district court judgment dismissing a criminal charge against Michael Darnell Jackson for failing to register as a convicted sexual offender. We hold a sexual offender is required to register a change of employment address, and we reverse the judgment and remand for determination of guilt or innocence consistent with this opinion.

## I. Facts

[¶ 2] In doing an investigative check, Fargo Police Officer Scott Newton learned that Jackson had been employed with Busy Bubbles Laundromat, but had not registered that employment with the Fargo Police Department. The officer notified the state's attorney, who filed an information, dated September 17, 2004, charging Jackson with failure to register under N.D.C.C. § 12.1–32–15, stating "that on or about January 19, 2004 through May 27, 2004, the above-named defendant failed to register as a convicted sexual offender ... as required by law, and the defendant had previously been convicted of failure to register as convicted sex offender."

[¶ 3] A bench trial was held at which the State presented testimony of two witnesses and introduced various documentary exhibits. Testimony and exhibits showed that on January 12, 2004 Jackson registered with the Fargo Police Department as a convicted sexual offender and at that time did not list an employer. About one week later, on January 20, 2004, Jackson accepted employment at Busy Bubbles Laundromat in North Fargo and continued employment there until he was terminated on May 27, 2004. Jackson subsequently changed residences, and on June 28, 2004, he registered his change of home address and listed his current employment with a concrete company.

[¶ 4] At the close of the State's case, Jackson's counsel moved for a judgment of acquittal. There was discussion, during which the trial court made the following relevant statements:

[H]e has to register, so he fills out this form. And we don't have any reason to believe on the 12th of January this information is not correct on the evidence. He writes down his address. So he's

registered on the 12th. 1–12–04 he's registered.

The court later stated:

And if the only thing we're prosecuting him for is because he didn't change the name of his employer, *he's only required to give his new employment information if he's changed his name, school, or address,* and apparently on 6–28–04 when he did that he does list his new employer as the statute requires.

(Emphasis added.) The court granted the motion for judgment of acquittal stating, "the verdict of the Court's not guilty." Judgment was entered, and the State appealed.

## II. Right of Appeal

[¶ 5] In a criminal action, the State has only such right of appeal as is expressly conferred by statute. *State v. Flohr,* 259 N.W.2d 293, 295 (N.D.1977). The State is not authorized to appeal from an acquittal. *State v. Bettenhausen,* 460 N.W.2d 394, 395 (N.D.1990). However, under N.D.C.C. § 29–28–07(1), the State may appeal from "[a]n order quashing an information or indictment or any count thereof." A district court order dismissing an information at the close of the state's case or other order which has the effect of quashing an information is appealable under this statute. *State v. Hogie,* 424 N.W.2d 630, 631 (N.D.1988). The question of whether the court's order is an acquittal or the equivalent of quashing the information is not controlled by the form of the judge's ruling. *Flohr,* 259 N.W.2d at 295. Rather, to determine what constitutes an acquittal, as distinguished from a dismissal quashing the information, we look at the substance of the judge's ruling to determine whether it actually represents a resolution of some or all of the factual elements of the offense charged. *State v. Meyer,* 494 N.W.2d 364, 366 (N.D.1992).

When the trial court's decision is based upon a legal conclusion, rather than resolution of some or all of the factual elements of the events charged, the ruling constitutes a dismissal or quashing of the information from which the State has a right to appeal. *City of Wahpeton v. Desjarlais,* 458 N.W.2d 330, 333 (N.D.1990).

[¶ 6] The information charged Jackson with failing to register under N.D.C.C. § 12.1–32–15, "on or about January 19, 2004 through May 27, 2004." The trial court did not make a finding that Jackson registered during that period. Rather, the court construed the statute and determined it did not require an offender to register a change of employment address, unless the offender had a change of residence address. There was no factual dispute that during the period alleged in the information Jackson changed his employment address but did not change his residence address, and, therefore, the court dismissed the charge against Jackson. We conclude the trial court's decision was based upon its legal interpretation of the criminal statute and not upon resolution of any factual element of the crime charged. Consequently, the court's ruling was not a judgment of acquittal, but a quashing of the information from which the State had a right to appeal.

## III. Statutory Registration Requirement

[¶ 7] The State argues the trial court erred in construing N.D.C.C. § 12.1–32–15(7), which provides in relevant part:

If an individual required to register pursuant to this section has a change in name, school, or address, that individual shall inform in writing, within ten days, the law enforcement agency with whom that individual last registered of the individual's new name, school, residence address, or employment address.

The State contends this statutory language requires a sexual offender to register whenever that person has a change of employment address. The State asserts the trial court erred, therefore, in concluding the statute does not require registration of a change of employment address unless the individual has a change of residence address.

[¶ 8] This issue requires us to interpret the statute and determine its proper application. The interpretation of a statute is a question of law, which we fully review on appeal. *State v. Rubey*, 2000 ND 119, ¶ 6, 611 N.W.2d 888. Our primary objective in construing a statute is to ascertain legislative intent by looking at the language itself. *State v. Higgins*, 2004 ND 115, ¶ 13, 680 N.W.2d 645. Words used in a statute are to be understood in their ordinary sense, unless a contrary intention plainly appears. N.D.C.C. § 1–02–02. Words and phrases must be construed according to the context. N.D.C.C. § 1–02–03.

[¶ 9] The intent of the registration provision under N.D.C.C. § 12.1–32–15(7), is to enable law enforcement to keep track of sex offenders and those who commit crimes against children. *State v. Steiger*, 2002 ND 79, ¶ 6, 644 N.W.2d 187. The registration information is necessary to aid in the investigation and apprehension of offenders and to protect the health, safety, and welfare of members of the local community and citizens of the state. *Rubey*, 2000 ND 119, ¶ 17, 611 N.W.2d 888. To achieve the statute's objective, the legislature consciously used the "broad term 'address' " in specifying when a sex offender must register under the statute. *Id.* at ¶ 15. In *Rubey*, we held the legislature intended the term "address" include mailing address as well as residential address for purposes of triggering the registration requirement. *Id.* at ¶ 19.

[¶ 10] The express language of the statute provides that if an individual "has a change in name, school, or address" that person must inform the law enforcement agency with whom he last registered of the "new name, school, residence address, or employment address." This language unambiguously requires a registered sexual offender to inform law enforcement of a change in employment address. In construing statutes, it is presumed a reasonable result is intended. N.D.C.C. § 1–02–38(3). We interpret statutes to avoid unreasonable or absurd consequences. *BASF Corp. v. Symington*, 512 N.W.2d 692, 697 (N.D.1994). It strikes us as unreasonable to interpret N.D.C.C. § 12.1–32–15(7) so narrowly that it would require an offender to inform law enforcement of a change in employment address only when the offender has also had a change in residence address. We conclude that interpretation is too restrictive and does not adequately effectuate the statute's purpose of enabling law enforcement to keep track of sex offenders.

[¶ 11] In listing what information the offender must provide to the agency, the statute expressly requires both residence address and employment address to be revealed. However, in listing the circumstances which trigger the ten-day notice requirement, the legislature used the broader term "address," rather than the more limited terms "residence address" or "employment address." The more reasonable interpretation of this language, which effectuates the purpose of the statute to keep law enforcement informed of the whereabouts of sex offenders, is that either a change in residence address or a change in employment address triggers the statutory requirement the offender must notify law enforcement of the change. Under that interpretation, a registered sexual offender who changes his employ-

ment address must inform law enforcement of that change in writing within ten days. By concluding the term address includes both residence address and employment address as a trigger for requiring notification, our interpretation effects the purpose of the statute.

[¶ 12]   When the current version of this statute was considered by the legislature (S.L.2003, ch. 113, § 1) testimony was provided by Assistant Attorney General Jonathan Byers to the House Judiciary Committee. He testified the federal Campus Sex Crimes Prevention Act, Pub.L. No. 106–386, 114 Stat. 1537 (2000), requires states to maintain information about offenders enrolled or employed at institutions of higher education and to share that information with campus police or local law enforcement agencies. The language in the statute requiring an offender to notify law enforcement of a change in employment address was included in the legislation to satisfy the requirements of this federal act and to provide the necessary information to keep local law enforcement agencies and campus police informed of offenders enrolled or employed at institutions of higher education. Our interpretation of the statute effectuates this objective.

IV.   Conclusion

[¶ 13]   We hold the trial court's construction of N.D.C.C. § 12.1–32–15(7) is erroneous and the court erred in quashing the criminal information as a consequence of its erroneous interpretation of the statute. We, therefore, reverse the judgment and remand for determination of guilt or innocence in accordance with the interpretation of N.D.C.C. § 12.1–32–15(7) in this opinion. *Desjarlais*, 458 N.W.2d at 334.

[¶ 14] GERALD W. VANDE WALLE, C.J., and MARY MUEHLEN MARING, J., concur.

I concur in the result. DALE V. SANDSTROM, J.

[¶ 15] The Honorable DANIEL J. CROTHERS did not participate in this decision.