2017 ND 79

**STATE of North Dakota, Plaintiff and Appellant**

**v.**

**Caroline CONRAD, a/k/a Caroline Marie Conrad Morrell, Defendant and Appellee**

No. 20160301

Supreme Court of North Dakota.

Filed 4/4/2017

Tristan J. Van de Streek (argued), Cherie L. Clark (on brief) and Reid A. Brady (on brief), Assistant State's Attorneys, P.O. Box 2806, Fargo, N.D. 58108–2806, for plaintiff and appellant.

Ariana D. Meyers, P.O. Box 6367, Grand Forks, N.D. 58206–6367, for defendant and appellee.

Crothers, Justice.

[¶ 1] The State appeals from a pretrial order dismissing criminal charges of theft of property and exploitation of a vulnerable adult against Caroline Conrad based on the civil dispute doctrine. We reverse and remand for further proceedings because the civil dispute doctrine does not apply in this case.

I

[¶ 2] In December 2015 the State charged Conrad with theft of property under N.D.C.C. § 12.1–23–02(1) and exploitation of a vulnerable adult under N.D.C.C. § 12.1–32–07.1(1)(b), alleging Conrad used for herself more than $50,000 in funds her elderly mother deposited in a joint bank account which listed the mother as the "member" and Conrad as a "joint owner." After the district court found probable cause at the preliminary hearing, Conrad, at the court's suggestion, brought a motion to dismiss the charges based on the civil dispute doctrine.

▪ [¶ 3] In its 19–page decision on the motion the district court detailed our case law on the civil dispute doctrine. See State v. Herzig, 2012 ND 247, 825 N.W.2d 235; State v. Curtis, 2008 ND 108, 750 N.W.2d 438; State v. Perreault, 2002 ND 14, 638 N.W.2d 541; State v. Trosen, 547 N.W.2d 735 (N.D. 1996); State v. Brakke, 474 N.W.2d 878 (N.D. 1991); and State v. Meyer, 361 N.W.2d 221 (N.D. 1985). The district court correctly concluded the doctrine has two prongs: (1) "there is a legitimate dispute about a unique issue of property, contract, or civil law upon which an element of the charged offense turns;" or (2) "there is a legitimate dispute about an issue traditionally and more appropriately settled in a civil forum." The court found the second prong did not apply because "issues involving ownership interests in joint accounts are not so traditionally and appropriately resolved in a civil forum." However, the court found the first prong applied because there was "a legitimate dispute over a unique issue of contract, property [or] civil law which involves an element of the criminal offense."

[¶ 4] The district court began its analysis by noting under both charges the property stolen must belong to another, and it is long-settled law that "placement of money by one person into a joint account with another creates a joint tenancy interest in the money of both the co-owners of the account. First Nat. Bank & Trust Co. v. Green, [66 N.D. 160, 165,] 262 N.W. 596 [, 597] ([ ] 193[5]) (stating that after money was placed into a joint account by one party, that either party on the account 'might have withdrawn any part of the whole of the deposit during the lifetime of both')." Relying on In re Paulson's Estate, 219 N.W.2d 132, 134 (N.D. 1974), the court noted the three elements for a valid inter vivos gift "are: (1) intent to give; (2) delivery of the gift[;] and (3) acceptance by the donee." Based on the mother's joint account application and her account contract with the bank, the court found "a legitimate dispute exists" regarding the mother's donative intent in determining whether an inter vivos gift had been given by the mother to Conrad. The court found delivery occurred because the mother changed her sole ownership of the funds to joint ownership with Conrad and Conrad accepted the gift because she "used these funds herself." The court concluded Con-

rad met her burden of showing "a legitimate dispute on a fairly unique underlying issue of property or civil law," referring to donative intent for an inter vivos gift. The court therefore dismissed the charges based on the civil dispute doctrine.

## II

[¶ 5] The State argues the district court erred in dismissing the criminal charges under the civil dispute doctrine.

[¶ 6] Under N.D.R.Crim.P. 12(b)(1), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." In Perreault, 2002 ND 14, ¶ 7, 638 N.W.2d 541, we explained:

> "[T]he purpose of a motion to dismiss is to test the sufficiency of the information or indictment. It is not a device for summary trial of the evidence, and facts not appearing on the face of the information cannot be considered. The court is obliged to confine itself to the face of the information. Further, for purposes of the motion, all well-pleaded facts are taken to be true."

(quoting State v. Howe, 247 N.W.2d 647, 652 (N.D. 1976) (internal quotation marks omitted)). We have treated issues concerning the civil dispute doctrine as questions of law. See, e.g., Herzig, 2012 ND 247, ¶ 19, 825 N.W.2d 235; Perreault, at ¶ 10; Meyer, 361 N.W.2d at 223.

### A

[¶ 7] The district court appears to have implicitly ruled on the underlying issue in this case of whether a defendant who jointly owns a bank account can be prosecuted for theft based upon the withdrawal of funds for personal use. Although courts are divided over the question in other jurisdictions the issue is statutorily resolved in North Dakota. See, e.g., K. Winbush, Annot., What is "property of another"

within statute proscribing larceny, theft, or embezzlement of property of another, 57 A.L.R.6th 445, §§ 10–11 (2010), and cases collected therein.

[¶ 8] Theft requires knowingly "tak[ing]" the "property of another with intent to deprive the owner thereof." N.D.C.C. § 12.1–23–02(1). Exploitation of a vulnerable adult requires that the defendant "obtains or uses . . . the disabled adult's or vulnerable elderly adult's funds." N.D.C.C. § 12.1–31–07.1(1)(b). Both charges require that the defendant take, obtain or use another's property. The "property of another" is defined by N.D.C.C. § 12.1–23–10(8) as "property in which a person other than the actor or in which a government has an interest which the actor is not privileged to infringe without consent, regardless of the fact that the actor also has an interest in the property." (Emphasis added.) Therefore, a joint account holder may be charged with theft and exploitation of a vulnerable adult for misuse of joint account funds. See State v. Cox, 325 N.W.2d 181, 183 (N.D. 1982) ("the fact that one person has title to property does not preclude the property from being property of another person"). "Thus, the State must establish that someone other than the defendant had an interest in the property which the defendant was not privileged to infringe without consent in order to support a conviction." State v. Kaufman, 310 N.W.2d 709, 713 (N.D. 1981).

[¶ 9] Although the district court appears to have agreed that Conrad, as a joint account holder, could be charged in this case, Conrad argued her mother essentially consented to her use of the funds in the joint account because her mother gave or gifted those funds to her. The court determined this issue involved "a legitimate dispute on a fairly unique underlying issue of property or civil law," and therefore dis-

missed the criminal charges under the civil dispute doctrine.

## B

[¶ 10] The civil dispute doctrine bars criminal prosecution if the case presents a "legitimate dispute ... on a unique issue of property, contract, or other civil law, and the issues in th[e] case would ... be more appropriately settled in a civil forum." Curtis, 2008 ND 108, ¶ 24, 750 N.W.2d 438. As the district court noted, our six cases addressing the civil dispute doctrine "did not provide much of an analytical framework."

[¶ 11] Defendants have successfully invoked the civil dispute doctrine in three cases. In Meyer, 361 N.W.2d at 222, the seminal case on the subject, the defendant was convicted of obstructing a public road. The defendant did not dispute obstructing the road, but asserted the road was not open to the public when he obstructed it. Id. A plurality of this Court said the only issue in the criminal case was whether the road was a public road under the necessary statutory requirements for a road by prescription, and a "legitimate dispute" existed on that question. Id. at 222–23. This Court concluded "a criminal action is ill-suited to a settlement of that dispute," and added: "If the State's Attorney deems it appropriate that the State institute an action on behalf of the public who presumably would travel the road, the State may institute a civil action to have the road declared a public road." Id. (footnote omitted).

[¶ 12] Defendants also prevailed in Brakke, 474 N.W.2d at 878, where they were convicted of theft and attempted theft of crops from a bank. One of the defendants planted crops on the property when the bank and the other defendant each owned an undivided one-half interest in that property and before the property was partitioned by court order. Id. at 879. Noting "[t]his court has never addressed whether a cotenant who plants crops on land which is subsequently lost through partition also loses entitlement to the growing crops, and authority from other jurisdictions on the question is sparse," we concluded a legitimate dispute existed over ownership of the crops and a "criminal theft trial is not the proper vehicle for resolving property law questions of this nature." Id. at 880, 882.

[¶ 13] Most recently, in Herzig, 2012 ND 247, ¶¶ 1, 18, 825 N.W.2d 235, we reversed the defendant's conviction for criminal trespass where he admitted driving on the road in question, but argued the road was a public road by prescription which would preclude trespasser status. Relying on Meyer, we said "[w]hen there is a legitimate dispute as to whether a road is a public road by prescription, the prosecutor should not bring charges based on the nonexistence of such a road." Id. at ¶ 21.

[¶ 14] Defendants have unsuccessfully attempted to invoke the civil dispute doctrine in three cases. In Trosen, 547 N.W.2d at 736, the defendant was convicted of theft by deception for overbilling his employer for accounting services. We rejected the defendant's claim that the case was merely a contractual dispute and a civil matter between himself and his employer, concluding "criminal charges were appropriate here, where Trosen's pattern of double-billing was not a legitimate contractual dispute." Id. at 739. We explained that "[a] contractual dispute is not created by the fact an employee who believes the time and service devoted to the employer merit increased compensation, increases that compensation without the knowledge of the employer." Id. at 738.

[¶ 15] In Perreault, 2002 ND 14, ¶¶ 1, 5, 638 N.W.2d 541, we reversed a district court's dismissal of a theft charge against

the defendant where the court ruled the charges were an attempt to enforce a civil claim in a criminal prosecution. The defendant was accused of writing checks against a line of credit for a business in which he was one of the principals. Id. at ¶¶ 2–3. The defendant contended he was authorized to write the checks as a draw against his share of future business profits. Id. at ¶ 4. We concluded "this case does not present unique property law questions" and the defendant's "contention that he had authority to write checks on the line of credit as a draw on future profits does no more than raise a factual question encompassed in the general issue of whether [he] is guilty of theft by deception." Id. at ¶¶ 10–11.

[¶ 16] In Curtis, 2008 ND 108, ¶ 1, 750 N.W.2d 438, we rejected the defendant's claim that the civil dispute doctrine prevented his conviction for theft of property. The defendant was charged with continuing to spend money from his bank account after the bank informed him a foreign check had not cleared. Id. at ¶ 5. Because the defendant did not argue he had a legitimate claim to the funds, we concluded "[t]here is no legitimate dispute presented on a unique issue of property, contract, or other civil law, and the issues in this case would not be more appropriately settled in a civil forum." Id. at ¶ 24.

[¶ 17] The common thread in our decisions granting relief under the civil dispute doctrine is that the "legitimate dispute" on a "unique" issue of civil law impacted the public in general, rather than only the defendant and the alleged victim in the criminal case. In Meyer and Herzig, resolution of the road by prescription issues would affect anyone who might use the roads in question. Resolving the "unique" issue in Brakke would affect any future persons facing the issue of crop ownership on subsequently partitioned property. This thread is missing from the cases in which we have refused to invoke the doctrine. The alleged property or contractual disputes in Trosen, Perreault and Curtis did not involve unanswered questions of law for which resolution was necessary to allow persons to conform their conduct with the law. Rather, the issues were of consequence only to the defendants and their alleged victims and resolution of those disputes would have no effect on the law as it applies to the public in general. Those issues were not "unique" within the meaning of the civil dispute doctrine.

[¶ 18] Here, there is no uncertainty about the legal requirements to establish an inter vivos gift. Those requirements are long-settled law. See, e.g., Estate of Vizenor ex rel. Vizenor v. Brown, 2014 ND 143, ¶ 25, 851 N.W.2d 119; Makedonsky v. N.D. Dep't of Human Servs., 2008 ND 49, ¶ 11, 746 N.W.2d 185; In re Paulson's Estate, 219 N.W.2d at 134. Donative intent is simply a question of fact based on the particular circumstances of any given situation. See Pifer v. McDermott, 2013 ND 153, ¶ 19, 836 N.W.2d 432. A victim's donative intent to make an inter vivos gift is not a "unique" property law issue that affects anyone other than the persons involved in the dispute. Extending the civil dispute doctrine to cover the issue in this case would allow dismissal of criminal theft charges every time a defendant claims stolen property was given to him by the alleged victim. This is not the type of "unique" issue contemplated by the civil dispute doctrine. Rather, as in Perreault, 2002 ND 14, ¶ 11, 638 N.W.2d 541, Conrad's claim of a gift "does no more than raise a factual question encompassed in the general issue of whether [Conrad] is guilty of theft" or exploitation of a vulnerable adult.

[¶ 19] We hold the civil dispute doctrine does not apply in this case.

## III

[¶ 20] The order is reversed and the case is remanded for further proceedings because the civil dispute doctrine does not apply in this case.

[¶ 21] Daniel J. Crothers

Lisa Fair McEvers

Jerod E. Tufte

Douglas L. Mattson, D.J.

Gerald W. VandeWalle, C.J.

[¶ 22] The Honorable Douglas L. Mattson, D.J., sitting in place of Kapsner, J., disqualified.