# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2020 ND 41

State of North Dakota,	Plaintiff and Appellant

v.

Nicholas Warren Gratton,	Defendant and Appellee

No. 20190167

Appeal from the District Court of Pembina County, Northeast Judicial District, the Honorable Laurie  A. Fontaine, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Rebecca L. Flanders, State's Attorney, Cavalier, ND, for plaintiff and appellant; submitted on brief.

Robert C. Fleming, Cavalier, ND, for defendant and appellee; submitted on brief.

**McEvers, Justice.**

[¶1]   The State appeals from a district court order dismissing a count of class C felony theft of property against Nicholas Gratton for lack of probable cause. We conclude the State produced sufficient evidence to establish probable cause for a charge of class C felony theft.   We reverse and remand for further proceedings.

I

[¶2]   The State charged Nicholas Gratton after an incident occurred in December 2018.   He was charged with simple assault–domestic violence, terrorizing–domestic violence, theft of property, and unlawful possession of drug paraphernalia.   Nicholas Gratton filed a motion to dismiss the theft of property charge.   Nicholas Gratton argued N.D.C.C. § 12.1-23-09 made him "immune from prosecution" as he could "provide a statutory defense."   In April 2019, the district court held oral argument on the motion and denied the motion to dismiss.   Following oral argument on the motion, the court held a preliminary hearing.   Deputy Doug Hill and Nicholas Gratton both testified at the preliminary hearing.

[¶3]   Deputy Hill testified he was dispatched on December 24, 2018, to a home regarding an alleged domestic assault that had occurred between Brandi Gratton and Nicholas Gratton.   Hill testified Nicholas Gratton and Brandi Gratton were married, but according to Brandi Gratton they had been separated since approximately October 2018.   Brandi Gratton told Hill she was staying at their marital home and Nicholas Gratton was staying at their condo. She also told Hill that on December 23, 2018, Nicholas Gratton had texted her he was going to come over and she told him no.   He came to the home anyway, intoxicated.   Hill also testified Brandi Gratton said Nicholas Gratton gained access to the home with his key and went into the bedroom she was in, where she and Nicholas Gratton argued and he assaulted her.   Nicholas Gratton took car keys from the counter in the kitchen, went into the garage, and left in a

2017 Yukon, registered only to Brandi Gratton. Brandi Gratton told Hill that Nicholas Gratton did not have access to the vehicle as both sets of keys were in her possession: one in a closet in the home, and the other on the counter in the kitchen, though she usually kept the key in her pocket. According to Deputy Hill, Brandi Gratton told Nicholas Gratton she would report the vehicle stolen if he took it.

[¶4] Nicholas Gratton also testified at the preliminary hearing. He testified he and Brandi Gratton were not separated until after the incident. He testified they were having marital problems and he would only stay at the condo a few nights, but was not living there and there was only an air mattress there. Nicholas Gratton stated he lived at the marital home and would sleep either in one of the kids' beds or in bed with Brandi Gratton. He testified when he was at the condo he would get up in the morning to go to the house and get the kids ready for school. Nicholas Gratton stated on the day in question, he came over from the condo, but he had only stayed there approximately a week over a 60-day span. Nicholas Gratton said he normally does not have the keys, but believed the car keys to the vehicle he normally drives were locked in the vehicle when he tried to leave. Nicholas Gratton acknowledged both vehicles are registered only to Brandi Gratton. Nicholas Gratton also acknowledged his clothes were in a suitcase in the trunk of the other car. Nicholas Gratton testified he and Brandi Gratton had equal access to these vehicles.

[¶5] On April 25, 2019, the district court dismissed the class C felony theft of property count, finding the charge lacked probable cause. The court stated:

> After considering the complaint and testimony presented, the court concludes there is insufficient probable cause on the charge of Theft of Property based on the following:
>
> The parties were married and each drove one vehicle. They had been having marital difficulties and the defendant testified he had slept at a second residence approximately four or five nights prior to the night of the alleged offense. The parties remain married but a divorce has now been filed.
>
> The alleged victim told police that evening they had been separated since October. The alleged victim did not testify at the preliminary hearing. The defendant disputed any separation had

2

occurred at the date of the alleged offense. He testified he works construction but was home every weekend like normal.

On December 24, 2018, there was probable cause to find the defendant went to the marital home and had a dispute with his wife. When he left he took the vehicle she normally drives. The defendant testified he did that because he couldn't find the keys for the other vehicle. He also testified that he often used that vehicle when needed to transport the kids to something, and that the parties did live together other than a few days he slept somewhere else. The State put in testimony that it was owned only in the wife's name, as were both vehicles. How a vehicle is titled does not determine whether it is marital property. No testimony disputed the defendant's statement that he had access to the vehicle routinely when needed. While his spouse may have been angry about this, it goes to the heart of the culpability. Taking a marital vehicle that you have access to does not demonstrate any intent to deprive the owner of the vehicle because you, in fact, have a claim of ownership as marital property. In essence, you cannot commit theft on your own property.

[¶6] The State appealed, arguing the district court erred by failing to find probable cause and there was a factual dispute that should have been decided by a jury.

II

[¶7] The State appealed the dismissal of count 3, theft of property.

[I]n a criminal case the State is authorized to appeal from "[a]n order quashing an information or indictment or any count thereof." N.D.C.C. § 29-28-07(1). We have consistently held that an order dismissing a criminal complaint, information, or indictment is the equivalent of an order quashing an information or indictment and is therefore appealable under the statute.

*State v. Gwyther*, 1999 ND 15, ¶ 11, 589 N.W.2d 575.

[¶8] After the preliminary hearing, the district court determined there was not probable cause that Nicholas Gratton committed theft. In determining if probable cause exists, the court may judge credibility and make findings of fact

3

and we will not reverse the findings if, after resolving conflicts in the evidence in favor of affirming, sufficient evidence exists that support the court's findings and the decision is not contrary to the manifest weight of the evidence. *State v. Blunt*, 2008 ND 135, ¶ 14, 751 N.W.2d 692. Whether the facts found by the court constitute probable cause is a question of law, fully reviewable on appeal. *Id*.

[¶9] When assessing credibility when making findings of fact, the district court should consider the context of the minimal burden of proof placed upon the State and the limited purpose of the preliminary hearing. *Blunt*, 2008 ND 135, ¶ 15, 751 N.W.2d 692. "The State is not required to prove with absolute certainty or beyond a reasonable doubt that a crime occurred, but rather need only produce sufficient evidence to satisfy the court that a crime has been committed and that the accused is probably guilty." *Id*. A preliminary hearing "is not a trial on the merits" and the purpose of the hearing is not to determine if a defendant is guilty. *State v. Turbeville*, 2017 ND 139, ¶ 12, 895 N.W.2d 758. Preliminary hearings are held to determine if there is probable cause and whether a trial should be held for a jury to determine guilt or innocence. Probable cause may be based on hearsay and other evidence that would be inadmissible at trial. *Id*. at ¶ 6; N.D.R.Crim.P. 5.1; N.D.R.Ev. 1101(d)(3)(C).

> [T]he probable cause showing required at a preliminary hearing under N.D.R.Crim.P. 5.1 is "a minimal burden of proof." *Healy v. Healy*, 397 N.W.2d 71, 73 (N.D. 1986). The standard of probable cause at the preliminary hearing is the same standard of probable cause required for a valid arrest. [*State v.*]*Perreault*, 2002 ND 14, ¶ 12, 638 N.W.2d 541; [*State v.*]*Serr*, 1998 ND 66, ¶ 10, 575 N.W.2d 896; *State v. Morrissey*, 295 N.W.2d 307, 311 (N.D. 1980). Under that standard, probable cause exists when the facts and circumstances "are sufficient to warrant a person of reasonable caution in believing an offense has been or is being committed," and "[k]nowledge of facts sufficient to establish guilt is not necessary to establish probable cause."

*Blunt*, at ¶ 16 (citations omitted).

4

[¶10] The district court's authority to weigh evidence and judge credibility of witnesses in a preliminary hearing is limited. *Blunt*, 2008 ND 135, ¶ 17, 751 N.W.2d 692. We have stated, the appropriate standard describing the limited authority to assess credibility at a preliminary hearing is as follows: "[t]hat a judge in a preliminary hearing has jurisdiction to consider the credibility of witnesses only when, as a matter of law, the testimony is implausible or incredible. When there is a mere conflict in the testimony, a question of fact exists for the jury, and the judge must draw the inference favorable to the prosecution." *Id.* (adopting the standard articulated in *Hunter v. Dist. Court*, 543 P.2d 1265, 1268 (Colo. 1975) (other citations omitted)).

III

[¶11] Nicholas Gratton was charged with theft of property under N.D.C.C. § 12.1-23-02(1), which provides:

> A person is guilty of theft if he:
> 1.     Knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another with intent to deprive the owner thereof.

[¶12] The "property of another" is defined by N.D.C.C. § 12.1-23-10(8) as "property in which a person other than the actor or in which a government has an interest which the actor is not privileged to infringe without consent, *regardless of the fact that the actor also has an interest in the property*." (Emphasis added.)

[¶13] The State argues even if Nicholas Gratton had a marital property interest in the vehicle, he could still be charged with theft because Brandi Gratton also had an interest. The State relies on *State v. Conrad*, where Conrad was charged with theft of property and exploitation of a vulnerable adult for using $50,000 from a joint bank account she shared with her elderly mother. 2017 ND 79, ¶ 2, 892 N.W.2d 200. The district court dismissed the criminal charges, reasoning Conrad, as a joint account holder, could not be charged and the civil dispute doctrine applied, because Conrad claimed the money was a gift. *Id.* at ¶ 9. This Court reversed, finding the civil dispute doctrine did not apply and "Conrad's claim of a gift 'does no more than raise a

5

factual question encompassed in the general issue of whether [Conrad] is guilty of theft' or exploitation of a vulnerable adult." *Id.* at ¶ 18. This Court explained:

> Therefore, a joint account holder may be charged with theft and exploitation of a vulnerable adult for misuse of joint account funds. *See State v. Cox*, 325 N.W.2d 181, 183 (N.D. 1982) ("the fact that one person has title to property does not preclude the property from being property of another person"). "Thus, the State must establish that someone other than the defendant had an interest in the property which the defendant was not privileged to infringe without consent in order to support a conviction."

*Conrad*, at ¶ 8 (citation omitted).

[¶14] Here, the district court dismissed the count, saying:

> Taking a marital vehicle that you have access to does not demonstrate any intent to deprive the owner of the vehicle because you, in fact, have a claim of ownership as marital property. In essence, you cannot commit theft on your own property.

[¶15] The district court's analysis is flawed, because it assumes that because the vehicle would be part of a marital estate in a divorce, that Nicholas Gratton owns and had authority to use the vehicle. "Married people may own property separately." *Estate of Albrecht*, 2020 ND 27, ¶ 16 (relying on N.D.C.C. § 14-07-04). Having legal title to a vehicle is not dispositive of an intention not to share property, but it is strong evidence. *Id.* at ¶ 18 (relying on *McKechnie v. Berg*, 2003 ND 136, ¶ 14, 667 N.W.2d 628). The court correctly concluded that how a vehicle is titled is not determinative.

[¶16] However, the district court in its findings stated, "[t]he alleged victim told police that evening they had been separated since October. The alleged victim did not testify at the preliminary hearing." The court also said, "[n]o testimony disputed the defendant's statement that he had access to the vehicle routinely when needed." This finding is not supported by the record. Deputy Hill testified that Brandi Gratton told him on the day the vehicle was taken, she was the sole driver, and Nicholas Gratton was not authorized to use the

6

vehicle.  The court did not make these findings in the context of the minimal burden of proof placed upon the State and the limited purpose of the preliminary hearing.  Rather, the court decided conflicting evidence raising a question of fact for the jury without drawing reasonable inferences favorable to the prosecution.

[¶17] The probable cause showing required at a preliminary hearing under N.D.R.Crim.P. 5.1 is "a minimal burden of proof."  *Blunt*, 2008 ND 135, ¶ 16, 751 N.W.2d 692.  Preliminary hearings are held to determine if there is probable cause and whether a trial should be held for a jury to determine guilt or innocence.  At the preliminary hearing, the State needed to establish that someone other than the defendant had an interest in the property which the defendant was not privileged to infringe without consent.  *Conrad*, 2017 ND 79, ¶ 8, 892 N.W.2d 200.  The State did not need to have the alleged victim testify, because probable cause may be based on hearsay and other evidence that would be inadmissible at trial.  *Turbeville*, 2017 ND 139, ¶¶ 6, 12, 895 N.W.2d 758.  Hill testified as to what Brandi Gratton had told him, she owned the vehicles and Nicholas Gratton did not have permission to take them.  The vehicle was property of Brandi Gratton, and even if Nicholas Gratton had a marital property interest in the vehicle, that interest does not prevent him from being prosecuted under N.D.C.C. § 12.1-23-02(1).  We conclude the district court erred by weighing the conflicting evidence in its analysis of probable cause.  We further conclude the court erred in concluding there was not probable cause to believe a theft occurred or that Nicholas Gratton committed it.

[¶18] We conclude the district court erred in dismissing count 3 of the criminal complaint against Nicholas Gratton and we reverse the court's order and remand for further proceedings.

[¶19] Lisa Fair McEvers
Gerald W. VandeWalle
Daniel J. Crothers
Jerod E. Tufte
Jon J. Jensen, C.J.