# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 93

State of North Dakota,                                    Plaintiff and Appellant

   v.

Donald James Dean Mitchell,                          Defendant and Appellee

### No. 20200306

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

REVERSED.

Opinion of the Court by Tufte, Justice.

Leah J. Viste, Assistant State's Attorney, Minot, N.D., for plaintiff and appellant.

Kasey M. McGough, Minot, N.D., for defendant and appellee.

**Tufte, Justice.**

[¶1] The State appeals from a district court order dismissing without prejudice a charge of gross sexual imposition against Donald Mitchell. On appeal, the State argues the court erred in finding that the testimony submitted was insufficient for a finding of probable cause. We reverse the district court order.

I

[¶2] The State charged Mitchell with gross sexual imposition. At the preliminary hearing, Officer Brian Williams was the only witness. He was not the investigating officer, and before the preliminary hearing, he had not had any contact with Mitchell. The basis for Officer Williams' testimony was his familiarity with a report prepared by another officer. He testified that there was video evidence and that he had been told it showed sexual intercourse between Mitchell and the alleged victim. Officer Williams also testified that the alleged victim was under the age of 15 at the time of the incident.

[¶3] The district court concluded that there was not probable cause because the officer did not have first-hand knowledge and he "failed to give any type of an assertive ID." The court dismissed the case without prejudice. An order of dismissal without prejudice was filed, and the State timely appealed.

II

[¶4] The State argues the evidence it presented was sufficient to support a finding of probable cause that Mitchell committed the offense. The State asks this Court to reverse the district court's order of dismissal and remand for further proceedings. Mitchell argues the court properly dismissed the charge.

[¶5] "The State's right to appeal must be expressly granted by statute." *State v. Goldmann*, 2013 ND 105, ¶ 6, 831 N.W.2d 748. "[A]n order dismissing a criminal complaint, information, or indictment is the equivalent of an order quashing an information or indictment and is therefore appealable under the

statute." *Id.* (quoting *State v. Gwyther*, 1999 ND 15, ¶ 11, 589 N.W.2d 575). This Court has held that section 29-28-07(1), N.D.C.C., does not specifically limit appealability to an order quashing with prejudice and therefore an order quashing without prejudice is appealable. *Id.* The State may either appeal an adverse ruling on probable cause or issue a new complaint upon the offer of additional evidence or other good cause. *Walker v. Schneider*, 477 N.W.2d 167, 174-75 (N.D. 1991). Accordingly, we have jurisdiction over the State's appeal from the district court order dismissing without prejudice a charge of gross sexual imposition.

[¶6]   "A preliminary hearing is a screening tool 'to determine the existence or absence of probable cause.'" *Goldmann*, 2013 ND 105, ¶ 8 (quoting *State v. Blunt*, 2008 ND 135, ¶ 17, 751 N.W.2d 692). "Whether facts found by a district court reach the level of probable cause is a question of law, fully reviewable on appeal." *State v. Midell*, 2011 ND 114, ¶ 10, 798 N.W.2d 645 (citations omitted).

> The standard of probable cause at the preliminary hearing is the same standard of probable cause required for a valid arrest. Under that standard, probable cause exists when the facts and circumstances are sufficient to warrant a person of reasonable caution in believing an offense has been or is being committed, and knowledge of facts sufficient to establish guilt is not necessary to establish probable cause.

*Id.* at ¶ 11 (citation omitted). Probable cause requires the officer to possess "knowledge that would furnish a prudent person with reasonable grounds for believing a violation has occurred" and does not require knowledge of facts sufficient to establish guilt. *Goldmann*, at ¶ 8 (quoting *State v. Berger*, 2004 ND 151, ¶ 11, 683 N.W.2d 897).

[¶7]   Because a preliminary hearing is not an actual trial, "[t]he finding of probable cause may be based on hearsay evidence" and "evidence that would be inadmissible at the trial." N.D.R.Crim.P. 5.1(a). Except for rules relating to privilege, the North Dakota Rules of Evidence do not apply to preliminary hearings in criminal cases. N.D.R.Ev. 1101(d)(3)(C). If, after hearing the evidence, the court finds "either a public offense has not been committed or

there is not sufficient cause to believe the defendant guilty of the offense, the magistrate must discharge the defendant." N.D.R.Crim.P. 5.1(b).

[¶8] "The State is not required to prove with absolute certainty or beyond a reasonable doubt that a crime occurred, but rather need only produce sufficient evidence to satisfy the court that a crime has been committed and that the accused is probably guilty." *State v. Gratton*, 2020 ND 41, ¶ 9, 938 N.W.2d 902 (quoting *Blunt*, 2008 ND 135, ¶ 15). Under N.D.C.C. § 12.1-20-03(1), a person is guilty of gross sexual imposition if he "engages in a sexual act with another" and "(d) [t]he victim is less than fifteen years old."

> "Sexual act" means sexual contact between human beings consisting of contact between the penis and the vulva, the penis and the anus, the mouth and the penis, the mouth and the vulva, or any other portion of the human body and the penis, anus, or vulva; or the use of an object which comes in contact with the victim's anus, vulva, or penis. For the purposes of this subsection, sexual contact between the penis and the vulva, the penis and the anus, any other portion of the human body and the anus or vulva, or an object and the anus, vulva, or penis of the victim, occurs upon penetration, however slight. Emission is not required.

N.D.C.C. § 12.1-20-02(4). "The statutory definition of 'sexual act' includes sexual intercourse." *State v. Moe*, 2010 ND 90, ¶ 6, 782 N.W.2d 624 (citing N.D.C.C. § 12.1-20-02(4)).

[¶9] To satisfy its burden that an offense has been committed, the State must present reasonable grounds to believe that a person engaged in a sexual act with a victim less than fifteen years old. The officer testified that the alleged victim's school counselor or principal informed him there was some kind of sexual intercourse incident that occurred at a residence in Minot and was passed around on social media. The officer testified that the alleged victim was 14 years old on December 1, 2018, when the incident occurred and that a video of the incident had been obtained from the alleged victim. The State must also present evidence that Mitchell is probably guilty of the offense. The officer testified he had been "told that [the] video contained sexual intercourse between" Mitchell and the alleged victim.

3

[¶10] The State presented testimony that there was a video obtained from the alleged victim showing Mitchell engaging in sexual intercourse with the alleged victim and that she was 14 years old at the time. Although the testifying officer had not personally viewed the video, his testimony contained sufficient information to establish probable cause to believe that Mitchell had engaged in a sexual act with a victim less than 15 years old in violation of N.D.C.C. § 12.1-20-03(1).

III

[¶11] We conclude the district court erred in concluding the evidence failed to establish probable cause, and we reverse the district court order dismissing the charge.

[¶12] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte