# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 239

State of North Dakota,

Plaintiff and Appellant

v.

Damian Carrillo,

Defendant and Appellee

No. 20210223

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Carmell Mattison (argued), Assistant State's Attorney, and Dierra Diegel (on brief), third-year law student, under the Rule on Limited Practice by Law Students, Grand Forks, ND, for plaintiff and appellant.

Kiara Kraus-Parr, Grand Forks, ND, for defendant and appellee.

**McEvers, Justice.**

[¶1]   The State appeals from a district court order dismissing a charge of class C felony unlawful possession of drug paraphernalia against Damian Carrillo for lack of probable cause. We conclude the State produced sufficient evidence to establish probable cause for the charge. We reverse and remand for further proceedings.

I

[¶2]   The State charged Carrillo with unlawful possession of drug paraphernalia, a class C felony, and driving under suspension following an arrest in March 2021. At the preliminary hearing on the paraphernalia charge, Officer Jerad Braaten was the only witness.

[¶3]   Officer Braaten testified he initiated a traffic stop on March 2, 2021. Officer Braaten testified he identified the driver as Carrillo and there were also two passengers in the vehicle. Carrillo informed Officer Braaten that his license was suspended. Officer Braaten confirmed through dispatch the suspension of Carrillo's driver's license and that he had numerous priors.

[¶4]   Officer Braaten testified he detected the odor of marijuana coming from the vehicle and asked Carrillo to come to his patrol car to receive a citation for driving under suspension. At that time, dispatch notified Officer Braaten that Carrillo had a history of drug-related activity. Officer Braaten requested assistance from a canine unit, which alerted on Carrillo's vehicle. Officers then conducted a probable-cause search of the vehicle.

[¶5]   Officer Braaten testified the search resulted in the discovery of two needle syringes. He stated one syringe contained blood, which was located in a purse claimed by the front seat passenger who indicated she previously used the needle to ingest methamphetamine. Officer Braaten testified the other needle was located within the left hand reach of the driver's seat, and contained what he suspected was methamphetamine. Officer Braaten could

not recall whether Carrillo or a passenger had indicated the substance to be methamphetamine. No one in the vehicle claimed ownership of the second needle. Officer Braaten testified the back seat passenger was seated behind the front seat passenger and Carrillo was closest to the needle and would "potentially have been able to get to it."

[¶6] Officer Braaten arrested Carrillo for driving under suspension, and arrested the front seat passenger for possession of drug paraphernalia. Officer Braaten testified he "decided to use officer discretion at the time to not cite [Carrillo] for the paraphernalia," leaving it up to the prosecutor whether to charge Carrillo for the second needle. However, he believed probable cause existed that Carrillo was in possession of the paraphernalia. Officer Braaten also testified Carrillo "did indicate at one point that he used methamphetamine just the previous day."

[¶7] On cross-examination, Officer Braaten stated the paraphernalia was not discovered until after Carrillo had been removed from the vehicle. He also acknowledged that the other passengers "were unsupervised in the suspect vehicle even for a brief period of time." Officer Braaten testified that Carrillo had physical access to the location where the needle was found, but the other passengers could "throw anything through a car." Officer Braaten did not recall whether the needle was field tested. He did recall the front seat passenger stating when asked what the needle contained, "it's probably meth." Officer Braaten further testified although that passenger tried to "take the charge for [Carrillo]," the passenger told Officer Braaten "numerous times that [the syringe] wasn't hers or would not claim ownership of it but that she didn't want [Carrillo] to get in trouble." At the State's request, the district court also took judicial notice of Carrillo's prior conviction for possession of drug paraphernalia.

[¶8] The district court dismissed the charge for possession of paraphernalia for lack of probable cause. The court stated:

> [T]he Court's at this point's concerned that there's been no testing presented to the Court that there was methamphetamine. Suspected methamphetamine, but no field test done.    It was

2

nothing showing it's been sent into the lab and confirmed. And so that's a concern for the Court at this point in time.

The court further noted that "the driver of the vehicle is in charge of the vehicle" but having "two other people that were both unattended in the vehicle when he was removed" led to concerns "about the level of probable cause to charge [Carrillo]."

[¶9] In concluding the State failed to demonstrate probable cause existed for the possession charge, the district court stated:

It can be brought at a later date should additional information concerning the substance—as I mention that at this point, they can't assume that there's probable cause that it was methamphetamine, based on the information testimony presented to the State. And combined with other issues concerning the—even if it was probable cause—even if it was methamphetamine, from being definitive and showing me that combined with the other circumstances as to a—as to a possession, the case would be very difficult to prove in any event.

But as I mentioned, it's not a question of ownership. Is this yours, does it belong to you; it's a question of possession, within access reach and a knowledge of a particular person in charge. So I see this charge and I dismiss it, based on that probable cause.

[¶10] The district court later issued an order dismissing the charge for lack of probable cause. The State appeals.

II

[¶11] On appeal, the State argues the district court erred by failing to find probable cause to support the charge of possession of drug paraphernalia. The State asks this Court to reverse the court's order of dismissal and remand for further proceedings. Carrillo argues the court properly dismissed the charge because the State did not establish the needle contained a schedule I, II, or III controlled substance.

3

## A

[¶12] "The State's right to appeal must be expressly granted by statute." *State v. Mitchell*, 2021 ND 93, ¶ 5, 960 N.W.2d 788 (quoting *State v. Goldmann*, 2013 ND 105, ¶ 6, 831 N.W.2d 748).

> [I]n a criminal case the State is authorized to appeal from "[a]n order quashing an information or indictment or any count thereof." N.D.C.C. § 29-28-07(1). We have consistently held that an order dismissing a criminal complaint, information, or indictment is the equivalent of an order quashing an information or indictment and is therefore appealable under the statute.

*State v. Gratton*, 2020 ND 41, ¶ 7, 938 N.W.2d 902 (quoting *State v. Gwyther*, 1999 ND 15, ¶ 11, 589 N.W.2d 575). Accordingly, we have jurisdiction over the State's appeal from the district court order dismissing the charge.

## B

[¶13] This Court reviews the dismissal of a criminal complaint under an abuse of discretion standard. *State v. Erickson*, 2011 ND 49, ¶ 12, 795 N.W.2d 375. "A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or capricious manner, or misinterprets or misapplies the law." *State v. Cain*, 2011 ND 213, ¶ 16, 806 N.W.2d 597.

[¶14] In determining whether probable cause exists, "the court may judge credibility and make findings of fact and we will not reverse the findings if, after resolving conflicts in the evidence in favor of affirming, sufficient evidence exists that support the court's findings and the decision is not contrary to the manifest weight of the evidence." *Gratton*, 2020 ND 41, ¶ 8 (quoting *State v. Blunt*, 2008 ND 135, ¶ 14, 751 N.W.2d 692). Whether the facts found by the court constitute probable cause is a question of law, fully reviewable on appeal. *Id.* The district court's authority to weigh evidence and judge credibility of witnesses in a preliminary hearing is limited. *Id.* ¶ 10 (citing *Blunt*, at ¶ 17). The "court's 'role is not a trier of fact,' but its 'function is solely to determine the existence or absence of probable cause.'" *Blunt*, at ¶ 17.

4

[¶15] The district court "should consider the context of the minimal burden of proof placed upon the State and the limited purpose of the preliminary hearing" in making findings of fact. *Gratton*, 2020 ND 41, ¶ 9. The preliminary hearing "'is not a trial on the merits' and the purpose of the hearing is not to determine if a defendant is guilty." *Id.* (quoting *State v. Turbeville*, 2017 ND 139, ¶ 12, 895 N.W.2d 758). Preliminary hearings are held to determine whether there is probable cause.

> The standard of probable cause at the preliminary hearing is the same standard of probable cause required for a valid arrest. Under that standard, probable cause exists when the facts and circumstances are sufficient to warrant a person of reasonable caution in believing an offense has been or is being committed.

*Mitchell*, 2021 ND 93, ¶ 6. Knowledge of facts sufficient to establish guilt is not necessary to establish probable cause; "all that is necessary is knowledge that would furnish a prudent person with reasonable grounds for believing a violation has occurred." *Turbeville*, at ¶ 6. "The State is not required to prove with absolute certainty or beyond a reasonable doubt that a crime occurred, but rather need only produce sufficient evidence to satisfy the court that a crime has been committed and that the accused is probably guilty." *Blunt*, at ¶ 15.

[¶16] The State charged Carrillo with unlawful possession of drug paraphernalia in violation of N.D.C.C. § 19-03.4-03(2). An individual violates the statute upon "us[ing] or possess[ing] with the intent to use drug paraphernalia to inject, ingest, inhale, or otherwise induce into the human body a controlled substance, other than marijuana or tetrahydrocannabinol, classified in schedule I, II, or III of chapter 19-03.1." N.D.C.C. § 19-03.4-03(2). Drug paraphernalia includes "[h]ypodermic syringes, needles, and other objects used, intended for use, or designed for use in parenterally injecting controlled substances into the human body." N.D.C.C. § 19-03.4-01(11). To satisfy its burden, the State was required to present evidence showing reasonable grounds to believe that Carrillo possessed drug paraphernalia with the intent to inject a schedule I, II, or III controlled substance, other than marijuana or tetrahydrocannabinol, into a human body.

5

[¶17] Officer Braaten testified he located two needles, one of which was discovered "within left hand's reach" of Carrillo. Officer Braaten stated Carrillo was closest to the needle and would have had access to its location. "Constructive possession may be established by showing the defendant had the power and ability to exercise dominion and control over the controlled substance" and "can be inferred from the totality of the circumstances." *State v. Woinarowicz*, 2006 ND 179, ¶ 29, 720 N.W.2d 635. No other passenger claimed ownership of the needle found near the driver's seat, and it was easily accessible by Carrillo. The testimony was sufficient to show reasonable grounds to believe Carrillo constructively possessed the needle or syringe. The district court's determination that "as to a possession, the case would be very difficult to prove in any event" was the improper test at the preliminary hearing.

[¶18] Officer Braaten further testified the needle appeared to be "loaded with methamphetamine." Although he did not recall whether the substance had been tested, another passenger informed Officer Braaten the substance was "probably meth" and that the other needle found in the search was used to inject methamphetamine. Officer Braaten testified Carrillo had "indicate[d] at one point that he used methamphetamine just the previous day." Officer Braaten was also notified that Carrillo had prior convictions for possession of drug paraphernalia. The district court took judicial notice of Carrillo's prior conviction for unlawful possession of drug paraphernalia for a schedule I, II, or III controlled substance.

[¶19] Carrillo argues the district court correctly dismissed the charge because it is a necessary fact to establish what is in the needle is a schedule I, II, or III controlled substance. At the preliminary hearing, the State need only show reasonable grounds to believe the substance in the syringe was likely a controlled substance under either schedule I, II, or III, other than marijuana or tetrahydrocannabinol. The State is not required to conclusively identify the substance as methamphetamine or prove the class of drug to establish probable cause. "Probable cause does not require that commission of the offense be established with absolute certainty, or proved beyond a reasonable doubt." *Woinarowicz*, 2006 ND 179, ¶ 30. Officer Braaten suspected the substance in

the needle was methamphetamine, and his suspicions were strengthened by another passenger's admissions regarding the other syringe. Officer Braaten's belief was further substantiated by Carrillo's admission of recent methamphetamine use and his prior convictions for felony possession of drug paraphernalia. The testimony was sufficient to show reasonable grounds to believe the syringe contained methamphetamine, a schedule II controlled substance. The State was not required to introduce results of a field test or the state lab to establish probable cause, contrary to the court's concern there was "nothing showing it's been sent into the lab and confirmed." *Id.* The court misapplied the law by requiring the State to introduce some type of testing to show probable cause.

[¶20] Carrillo also argues his "prior criminal history alone was not sufficient to establish even reasonable suspicion," and "[h]is prior history and his admission of drug use the day before may establish reasonable articulable suspicion" but did not establish probable cause. When making a probable cause determination, courts consider the totality of the circumstances. *State v. Berger*, 2004 ND 151, ¶ 11, 683 N.W.2d 897 (determining whether probable cause existed to effect an arrest); *State v. Morrissey*, 295 N.W.2d 307, 311 (N.D. 1980) ("the term 'probable cause' has the same meaning in the context of a decision to bind over a defendant for trial" as in the context of an arrest). "[P]robable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observed as trained officers." *Berger*, at ¶ 11. The district court must analyze all the information presented at the preliminary hearing when determining whether probable cause was established, including Carrillo's criminal history and admission to drug use. *See State v. Duchene*, 2001 ND 66, ¶ 16, 624 N.W.2d 668 ("When used in connection with other evidence, a suspect's criminal history can support a determination of probable cause."). Considering the "minimal burden of proof" required at a preliminary hearing, we conclude the State produced sufficient evidence to warrant a person of reasonable caution to believe Carrillo possessed drug paraphernalia as alleged by the State.

7

## III

[¶21] We conclude the district court erred in concluding the evidence presented failed to establish probable cause to support the charge of possession of drug paraphernalia. We reverse the court's order and remand for further proceedings.

[¶22] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte