# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 81

State of North Dakota,  Plaintiff and Appellant

    v.

Taylor Scott Lafromboise,  Defendant and Appellee

## No. 20240325

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Cynthia M. Feland, Judge.

REVERSED AND REMANDED.

Opinion of the Court by McEvers, Justice.

Madison B. Turner, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellant.

William R. Thomason, Bismarck, ND, for defendant and appellee; submitted on brief.

# State v. Lafromboise
## No. 20240325

**McEvers, Justice.**

[¶1] The State appeals from a criminal judgment dismissing a terrorizing charge against Taylor Lafromboise for lack of probable cause. We reverse, concluding there was sufficient evidence identifying Lafromboise as the person who committed the offense and the district court erred in dismissing the charge for lack of probable cause, and remand for further proceedings.

I

[¶2] The State charged Lafromboise with terrorizing. At the preliminary hearing, the State called two witnesses to testify: Patrick Litton and Officer Matthew Puklich. Litton testified he was driving away from a gas station in Bismarck, across the street from a fast-food restaurant, when he saw a man with an unsheathed knife yelling at a woman near the restaurant. Litton testified he did not know them, see their faces, or hear what was said. He testified he was scared that the man would harm the woman. Litton called 911, reported the incident, and spoke with Officer Puklich.

[¶3] Officer Puklich testified he "was one of the last responding officers on scene" to the incident occurring around the restaurant. He testified that Lafromboise was already detained when he arrived. He testified he recognized Lafromboise at the hearing as the person detained at the scene. Officer Puklich testified he was told Litton saw Lafromboise with a knife and that officers had confiscated a knife from Lafromboise. He testified he spoke with "the female that was identified in the original call," Sharon Fimbres, who recognized him from an investigation he "conducted with her a couple weeks prior." According to Officer Puklich, Fimbres "appeared like she did not want to speak with [him,]" but said that she "was not concerned for her safety" and "did not feel threatened by Taylor"; she "did not make any mention of seeing a knife in his hand." Officer Puklich testified that he spoke with Litton, who told him that "it looked like [the man] was trying to conceal [the knife]" by holding it close to his body and that

1

Litton "was in fear of her life." When Officer Puklich was asked if Fimbres "knew Mr. Lafromboise as an acquaintance," Officer Puklich stated, "That is correct."

[¶4]   At the conclusion of the preliminary hearing, the district court determined the State failed to show Lafromboise was the individual Litton observed with the knife. The court dismissed the terrorizing charge for lack of probable cause and entered the judgment of dismissal.

## II

### A

[¶5]   The State appeals from the judgment dismissing the terrorizing charge. In a criminal case, the State may appeal from "[a]n order quashing an information or indictment or any count thereof." N.D.C.C. § 29-28-07(1). "We have consistently held that an order dismissing a criminal complaint, information, or indictment is the equivalent of an order quashing an information or indictment and is therefore appealable under the statute." *State v. Carrillo*, 2021 ND 239, ¶ 12, 968 N.W.2d 134. Although entered as a "judgment" of dismissal, we look to the substance of the district court's ruling, not simply its form. *State v. Jackson*, 2005 ND 137, ¶ 5, 701 N.W.2d 887. When the court's "decision is based upon a legal conclusion, rather than resolution of some or all of the factual elements of the events charged, the ruling constitutes a dismissal or quashing of the information from which the State has a right to appeal." *Id.* "Unlike a trial, a preliminary hearing is not an adjudication of an accused's guilt or innocence; rather it is a hearing to determine whether an accused probably committed a crime and a tool to 'ferret out groundless and improvident prosecutions and to prevent the accused's detention without probable cause.'" *State v. Foley*, 2000 ND 91, ¶ 7, 610 N.W.2d 49. A dismissal for lack of probable cause, whether labeled an "order" or a "judgment," is appealable under N.D.C.C. § 29-28-07(1). *See Carrillo*, ¶ 12; *State v. Mitchell*, 2021 ND 93, ¶ 5, 960 N.W.2d 788; *State v. Gratton*, 2020 ND 41, ¶ 7, 938 N.W.2d 902. We therefore have jurisdiction over the State's appeal from the judgment dismissing the charge for lack of probable cause.

B

[¶6] The State argues there was sufficient evidence presented at the preliminary hearing establishing probable cause that Lafromboise committed the terrorizing offense. Rule 5.1(a), N.D.R.Crim.P., requires the court to determine whether there is "probable cause to believe an offense has been committed and the defendant committed the offense." We have previously explained the purpose of a preliminary hearing:

> A preliminary hearing is a screening tool "to determine the existence or absence of probable cause." *State v. Blunt*, 2008 ND 135, ¶ 17, 751 N.W.2d 692 (citation and quotation omitted). Probable cause "exists when the facts and circumstances are sufficient to warrant a person of reasonable caution in believing an offense has been or is being committed." *Id.* at ¶ 16 (citations and quotation omitted). "The standard of probable cause at the preliminary hearing is the same standard of probable cause required for a valid arrest." *Id.* (citations omitted). "To establish probable cause, the officer does not have to possess knowledge of facts sufficient to establish guilt; all that is necessary is knowledge that would furnish a prudent person with reasonable grounds for believing a violation has occurred." *State v. Berger*, 2004 ND 151, ¶ 11, 683 N.W.2d 897 (citations omitted). Because a preliminary hearing is not an actual trial, "[t]he finding of probable cause may be based on hearsay evidence" and "evidence that would be inadmissible at the trial." N.D.R.Crim.P. 5.1(a). If, after hearing the evidence, the court finds "either a public offense has not been committed or there is not sufficient cause to believe the defendant guilty of the offense, the magistrate must discharge the defendant." N.D.R.Crim.P. 5.1(b).

*State v. Goldmann*, 2013 ND 105, ¶ 8, 831 N.W.2d 748.

[¶7] "The State is not required to prove with absolute certainty or beyond a reasonable doubt that a crime occurred, but rather need only produce sufficient evidence to satisfy the court that a crime has been committed and that the accused is probably guilty." *Gratton*, 2020 ND 41, ¶ 9. We will not reverse a district court's findings of fact if after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the findings and if the court's decision is not contrary to the manifest

3

weight of the evidence. *Goldmann*, 2013 ND 105, ¶ 9. "Whether facts found by a district court reach the level of probable cause is a question of law, fully reviewable on appeal." *Mitchell*, 2021 ND 93, ¶ 6.

[¶8]   The State charged Lafromboise with terrorizing under N.D.C.C. § 12.1-17-04(1), which provides:

> A person is guilty of a class C felony if, with intent to place another human being in fear for that human being's or another's safety . . . , or in reckless disregard of the risk of causing such terror, . . . the person:
>
> 1. Threatens to commit any crime of violence or act dangerous to human life[.]

To satisfy its probable cause burden, the State must have presented reasonable grounds to believe that Lafromboise intended to place another human being in fear for that human being's or another's safety, or acted with reckless disregard of the risk of causing such terror, and threatened to commit a crime of violence or act dangerous to human life. *See Mitchell*, 2021 ND 93, ¶ 9 (probable cause standard); *State v. Laib*, 2005 ND 191, ¶ 8, 705 N.W.2d 815 (terrorizing elements).

[¶9]   The district court found there was insufficient evidence connecting Lafromboise (the arrestee) with the individual that Litton saw wielding the knife. The court noted that there was no testimony as to "a description of the clothing [the man] was wearing that was confirmed by law enforcement," when Lafromboise arrived at the restaurant in relation to when the offense occurred, if other people were present, or "any consistent description of the knife to link the two together."

[¶10] The testimony at the preliminary hearing was that Litton saw a man holding an unsheathed knife and yelling at a woman near the restaurant. Law enforcement responded to the incident, detaining Lafromboise and confiscating a knife from him, and questioning Fimbres, who was acquainted with Lafromboise. Although Fimbres said she "was not concerned for her safety," she acknowledged she knew Lafromboise, stating, according to Officer Puklich, that she "did not feel threatened by Taylor [Lafromboise]." Officer Puklich testified

that Fimbres was "the female that was identified in the original call" and that he was told Litton saw Lafromboise with a knife. *See* N.D.R.Crim.P. 5.1(a) ("The finding of probable cause may be based on hearsay evidence in whole or in part."). Because Fimbres was identified as the woman seen by Litton, and her acquaintance, Lafromboise, was identified by Litton as carrying a knife and was detained in the area of the incident while carrying a knife, a reasonable inference can be made that he was probably the individual Litton saw yelling and wielding the knife. While additional evidence addressing the court's concerns would have further proved identification, probable cause is a "minimal burden of proof." *Gratton*, 2020 ND 41, ¶ 9. We conclude there was sufficient evidence for probable cause purposes showing Lafromboise was the individual that Litton saw wielding the knife.

[¶11] Other than identification, the district court did not find that the State failed to present sufficient evidence satisfying the other elements of terrorizing. To the extent any other element was at issue, we conclude the State made its probable cause showing. "A threat could be in words, verbal or written; actions; gestures; suggestive innuendo; or any other form of communication." *State v. Yoney*, 2020 ND 118, ¶ 20, 943 N.W.2d 791; *see State v. Haney*, 2023 ND 227, ¶ 15, 998 N.W.2d 817 ("From the perspective of a reasonable person, someone raising his gun towards an individual and firing multiple times at the individual could constitute a nonverbal threat to those present at the scene."). Litton testified he saw the man with an unsheathed knife yelling at the woman and he was scared that the man would harm the woman. Officer Puklich testified that Litton said he "was in fear of her life." The State presented reasonable grounds to believe that Lafromboise intended to place another human being in fear for that human being's or another's safety, or acted with reckless disregard of the risk of causing such terror, and threatened to commit a crime of violence or act dangerous to human life.

[¶12] We conclude the State presented sufficient evidence showing that a crime has been committed and Lafromboise is probably guilty of the offense. The district court therefore erred in dismissing the terrorizing charge for lack of probable cause.

## III

[¶13] We reverse the judgment dismissing the charge and remand for further proceedings consistent with this opinion.

[¶14] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr