FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JUNE 23, 2022
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 132

State of North Dakota,                                    Plaintiff and Appellant

    v.

Madison Dearinger,                                        Defendant and Appellee

## No. 20210295

Appeal from the District Court of Pembina County, Northeast Judicial District, the Honorable Kari M. Agotness, Judge.

REVERSED.

Opinion of the Court by Crothers, Justice.

Kathleen K. Murray, Special Assistant State's Attorney, Fessenden, ND, for plaintiff and appellant.

Dane DeKrey, Moorhead, MN, for defendant and appellee.

**Crothers, Justice.**

[¶1]   The State appeals from the district court's order dismissing a felony charge of hindering law enforcement. The State argues the court erred in finding the charge was not supported by probable cause. We reverse.

I

[¶2]   In May 2021, the State filed a complaint charging Madison Dearinger with hindering law enforcement, a class C felony, and false information to law enforcement, a misdemeanor. Under the felony count, the State alleged Madison Dearinger provided false information to a law enforcement officer before and after her father, Adam Dearinger, committed burglary.

[¶3]   The State called the investigating officer as a witness at the preliminary hearing. The officer testified that in May 2019 he was investigating Adam Dearinger for assault, burglary, gross sexual imposition and violation of a court order.

[¶4]   The officer testified he spoke to Madison Dearinger in the early morning hours of May 14, 2019. During the conversation, the officer told Madison Dearinger that Adam Dearinger "beat up" his wife, T.D. Madison Dearinger told the officer the last time she talked to her father was on the phone the previous day. She acknowledged knowing a court order prohibited Adam Dearinger from being at T.D.'s house.

[¶5]   The officer testified Madison Dearinger told him Adam Dearinger was at his brother's house and she did not know how he got there. She said Adam Dearinger's car might be at his mother's house.

[¶6]   The officer further testified that in January 2020, Madison Dearinger gave law enforcement different information about Adam Dearinger's whereabouts in May 2019. Madison Dearinger told the officer she picked up Adam Dearinger around 11:30 p.m. on May 13, 2019, and gave him a ride to an alley near T.D.'s home. After dropping off her father, Madison Dearinger

left to pick up another person and went back to T.D.'s house, where she saw Adam Dearinger in the kitchen.

[¶7] At the preliminary hearing, Madison Dearinger moved to dismiss the felony charge of hindering law enforcement arguing she did not commit a felony because she did not know Adam Dearinger committed burglary at the time she lied to law enforcement. The district court found Madison Dearinger knew of conduct constituting assault and violation of a protection order, but did not analyze whether she knew of conduct constituting burglary. The court determined the State failed to provide evidence for the felony enhancement and dismissed the hindering law enforcement charge.

## II

[¶8] The State argues the evidence presented was sufficient to support a finding of probable cause for the felony charge of hindering law enforcement under N.D.C.C. § 12.1-08-03. We agree.

[¶9] "Whether facts found by a district court reach the level of probable cause is a question of law, fully reviewable on appeal." *State v. Mitchell*, 2021 ND 93, ¶ 6, 960 N.W.2d 788.

## A

[¶10] Rule 5.1, N.D.R.Crim.P., governs preliminary hearings:

"(a) Probable Cause Finding. If the magistrate finds probable cause to believe an offense has been committed and the defendant committed the offense, an arraignment must be scheduled. The finding of probable cause may be based on hearsay evidence in whole or in part. The defendant may cross-examine adverse witnesses and may introduce evidence. The magistrate may receive evidence that would be inadmissible at the trial.

(b) Discharge of the Defendant. If the magistrate hears evidence on behalf of the respective parties, in a preliminary hearing, and finds either a public offense has not been committed or there is not sufficient cause to believe the defendant guilty of the offense, the magistrate must discharge the defendant and dismiss the charge."

[¶11] At the preliminary hearing, the State "is not required to prove with absolute certainty or beyond a reasonable doubt that a crime occurred, but rather need only produce sufficient evidence to satisfy the court that a crime has been committed and that the accused is probably guilty." *State v. Blunt*, 2008 ND 135, ¶ 15, 751 N.W.2d 692.

> "This Court has stressed that a preliminary hearing is not a trial on the merits. It is not the purpose of the preliminary hearing to determine the defendant's guilt or innocence. Rather, the preliminary hearing is a 'safety device' to prevent the accused's detention without probable cause, and its purpose is to determine whether a trial should be held to determine the guilt or innocence of the accused. At its core, the preliminary hearing is a 'tool to ferret out groundless and improvident prosecutions.'
>
> "Accordingly, the probable cause showing required at a preliminary hearing under N.D.R.Crim.P. 5.1 is a minimal burden of proof. The standard of probable cause at the preliminary hearing is the same standard of probable cause required for a valid arrest. Under that standard, probable cause exists when the facts and circumstances are sufficient to warrant a person of reasonable caution in believing an offense has been or is being committed, and knowledge of facts sufficient to establish guilt is not necessary to establish probable cause."

*Id.* (cleaned up). The court must draw inferences in favor of prosecution when questions of fact exist. *Id.* at ¶ 17.

[¶12] Madison Dearinger was charged with hindering law enforcement under N.D.C.C. § 12.1-08-03. A person is guilty of hindering law enforcement if the person "intentionally interferes with, hinders, delays, or prevents the discovery, apprehension, prosecution, conviction, or punishment of another for an offense by: . . . [g]iving false information or a false report to a law enforcement officer knowing such information or report to be false." N.D.C.C. § 12.1-08-03(1)(e). The crime is a class C felony if the actor "[k]nows of the conduct of the other and such conduct constitutes a class AA, class A, or class B felony[.]" N.D.C.C. § 12.1-08-03(2)(a).

3

[¶13] To satisfy its burden for the felony enhancement to apply, the State must establish probable cause to believe that a person knew of conduct of another and that the known conduct constituted a class AA, A or B felony.

[¶14] Here, the State alleged Madison Dearinger knew of Adam Dearinger's conduct and the known conduct constituted burglary, a class B felony. In granting Madison Dearinger's motion to dismiss, the district court found Madison Dearinger knew of Adam Dearinger's conduct constituting assault and violation of a no contact order, but neither of those crimes rise to a felony enhancement level. However, the court did not address whether the conduct Madison Dearinger knew of constituted burglary, as the State alleged.

B

[¶15] We start by considering Madison Dearinger's knowledge of Adam Dearinger's conduct at the time she spoke to police.

[¶16] The State presented evidence that around 11:30 p.m. on May 13, 2019, Madison Dearinger gave Adam Dearinger a ride to an alley near T.D.'s home. Madison Dearinger knew Adam Dearinger was prohibited from going to T.D.'s home by a court order. Shortly after dropping off Adam Dearinger in the alley, Madison Dearinger saw Adam Dearinger inside T.D.'s home. When Madison Dearinger spoke to police in the early morning hours of May 14, 2019, she was told Adam Dearinger "beat up" T.D.

C

[¶17] Next, we analyze whether Adam Dearinger's known conduct could constitute a burglary.

[¶18] Section 12.1-22-02, N.D.C.C., provides:

> "1.    A person is guilty of burglary if he willfully enters or surreptitiously remains in a building or occupied structure, or a separately secured or occupied portion thereof, when at the time the premises are not open to the public and the actor is not licensed, invited, or otherwise privileged to enter

4

or remain as the case may be, with intent to commit a crime therein.

2.  Burglary is a class B felony if:
    a.  The offense is committed at night and is knowingly perpetrated in the dwelling of another[.]"

[¶19] Taking the conduct known by Madison Dearinger from above, Adam Dearinger was dropped off in an alley near T.D.'s home late at night, was prohibited from being at T.D.'s home by a court order, was seen inside T.D.'s home, and was reported for assault thereafter.

[¶20] In applying the elements of burglary, Adam Dearinger entered a home at night where he was not privileged to be. In fact, an outstanding protection order prohibited him from being in the proximity of T.D.'s home. His intention to commit a crime can be inferred from the violation of the no contact order and being dropped off in an alley, rather than the driveway or street in front of T.D.'s home. Thus, evidence establishes probable cause to believe Adam Dearinger's conduct could constitute burglary under N.D.C.C. § 12.1-22-02.

[¶21] Because sufficient evidence establishes probable cause to believe Madison Dearinger knew of conduct of another, and the known conduct could constitute a class B felony, the district court erred in dismissing the hindering law enforcement charge under N.D.C.C. § 12.1-08-03.

III

[¶22] The remaining issues raised by the parties are either without merit or unnecessary to our decision. The district court erred in determining the evidence failed to establish probable cause. We reverse the order dismissing the felony charge of hindering law enforcement.

[¶23] Jon J. Jensen, C.J.
    Gerald W. VandeWalle
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte